

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2003

# USA v. Diehl

Precedential or Non-Precedential: Non-Precedential

Docket 02-2570

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Diehl" (2003). *2003 Decisions.* Paper 564.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/564

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 02-2570

UNITED STATES OF AMERICA

v.

RINALDO DIEHL, a/k/a Gabe

Rinaldo Diehl,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 01-cr-00373-11)
District Judge: Hon. Jerome B. Simandle

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2003

BEFORE: McKEE, SMITH and COWEN, Circuit Judges

(Filed:  May 8, 2003)

OPINION

COWEN, Circuit Judge.

Appellant Rinaldo Diehl and eleven co-defendants were charged in a one-count

indictment with conspiracy to possess and distribute a controlled substance in violation of

21 U.S.C. § 846. On October 26, 2001, Diehl pled guilty to possessing more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Diehl's violation carried a possible term of imprisonment between 188 and 235 months under the relevant provisions of the United States Sentencing Guidelines. Prior to sentencing, Diehl moved for a downward departure pursuant to U.S.S.G. § 4A1.3, arguing that his criminal history significantly overrepresents the seriousness of his conduct.[1] The District Court declined to exercise its discretion to depart from the guidelines, and on May 29, 2002, Diehl was sentenced to a prison term of 188 months. The District Court further sentenced Diehl to a five-year period of supervised release to commence after his term of imprisonment. This timely appeal followed. The District Court had jurisdiction under 18 U.S.C. § 3231, and we exercise jurisdiction under 28 U.S.C. § 1291.

Diehl's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) stating that no non-frivolous issues exist for appeal. The United States agrees with this representation. In Anders, the Supreme Court established that where a conscientious examination of the record convinces counsel representing an indigent criminal defendant that no meritorious issues exist for appeal, counsel may seek to withdraw from further

---

[1] U.S.S.G. 4A1.3 states in relevant part that:
    If reliable information indicates that the criminal history category significantly overrepresents the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

representation.  Id. at 744; United States v. Youla, 241 F.3d 296, 299 (3d Cir. 2001).[2]

Our evaluation of an Anders brief considers whether counsel has adequately fulfilled the

requirements of L. App. R. 109.2(a), and whether our independent review of the record

reveals any non-frivolous issues.  Youla, 241 F.3d at 300; United States v. Marvin, 211

F.3d 778, 780-81 (3d Cir. 2000).  A satisfactory Anders brief requires evidence that

counsel has throughly and conscientiously examined the record for appealable issues, and

an explanation of why the issues presented are frivolous.  Youla, 241 F.3d at 300;

Marvin, 211 F.3d at 780.  It is not necessary for counsel to "raise and reject every

possible claim," but the brief must demonstrate a conscientious review of the case.

Youla, 241 F.3d at 300.

After considering the submission of Diehl's counsel,[3] and following our own

---

[2] Rule 109.2(a) of the Third Circuit states:
Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) which shall be served upon the appellant and the United States.  The United States shall file a brief in response.  Appellant may also file a brief in response pro se.  After all the briefs have been filed, the clerk will refer the case to a merits panel.  If the panel agrees that the appeal is without merit, it will grant trial counsel's Anders motion, and dispose of the appeal without appointing new counsel.  If the panel finds arguable merit to the appeal, it will discharge counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

[3] Diehl was provided the opportunity to file a pro se brief with this Court, but has declined.  Anders, 386 U.S. at 744; L. App. R. 109.2(a).  Diehl instead contacted his counsel and asked this Court to review the District Court's denial of his sentencing motion, and whether the government was required to provide notice of the prior convictions relied upon for enhancement.

independent review of the present record, we agree that there are no non-frivolous issues for appeal. We note that the District Court engaged in a thorough colloquy with Diehl prior to accepting his plea as required by Federal Rule of Criminal Procedure 11. None of Diehl's pre-trial motions concerned jurisdictional matters, and hence his right to appeal these rulings was waived by his plea agreement. United States v. Panarella, 277 F.3d 678, 689 (3d Cir. 2002); United States v. Bentz, 21 F.3d 37, 38 (3d Cir. 1994). In addition, as the District Court acknowledged its discretion to depart from the Guidelines, but nonetheless determined that departure was not warranted, we lack jurisdiction to consider an appeal of Diehl's sentencing motion. United States v. Marin-Castaneda, 134 F.3d 551, 554 (3d Cir. 1998). Finally, the United States was not required to inform Diehl in writing of the prior convictions it intended to rely upon in seeking career offender enhancement under U.S.S.G. § 4B1.1, because the government did not seek a sentence beyond the maximum provided by the statute. United States v. Day, 969 F.2d 39, 48 (3d Cir. 1992).

For the foregoing reasons, we find that the issues raised in this appeal lack legal merit, and find no other non-frivolous issues for review. L. App. R. 109.2(b). Accordingly, we will grant counsel's motion to withdraw and affirm the judgment of the District Court entered on May 31, 2002.

4

—————

TO THE CLERK:

Please file the foregoing opinion.


    /s/ Robert E. Cowen
United States Circuit Judge