**UNITED STATES of America,**

v.

**Rinaldo DIEHL, also known as Gabe Rinaldo Diehl, Appellant.**

No. 09–1387.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 7, 2009.

Opinion filed: Oct. 9, 2009.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Rinaldo Diehl, Fairton FCI, Fairton, NJ, for Appellant.

Before: MCKEE, HARDIMAN and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Rinaldo Diehl, proceeding *pro se,* appeals an order of the United States District Court for the District of New Jersey denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). We will affirm.

In October 2001, Diehl pleaded guilty to possession with intent to distribute more than 5 grams of cocaine base. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(B). Diehl's base offense level (BOL) was 31, after the court applied a downward departure of three points for acceptance of responsibility. Because Diehl had three prior drug felony convictions, the career offender Guidelines, U.S.S.G. § 4B1.1, applied and he was assigned a criminal history category of VI. The combined BOL/Criminal History score resulted in a Guidelines range of 188 to 235 months of imprisonment. Diehl moved for a downward departure, arguing that the career offender enhancements dramatically over-represented his prior criminal background of drug convictions involving small amounts of cocaine. The District Court declined to depart from the guidelines, and on May 29, 2002, imposed a prison sentence of 188 months. We affirmed his sentence on direct appeal. *See United States v. Diehl,* 65 Fed.Appx. 839 (3d Cir.2003).

In 2008, Diehl filed a *pro se* motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction, based on Amendment 706 to the Sentencing Guidelines, which generally reduced by two levels the base offense level for crack cocaine offenses. The District Court denied the motion, and this appeal followed. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a district court's interpretation of the Guidelines is de novo. *See United States v. Sanchez*, 562 F.3d 275, 277–78 (3d Cir. 2009). We review a court's ultimate determination of a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion. *See United States v. Mateo*, 560 F.3d 152, 154 & n. 2 (3d Cir.2009).

A District Court may reduce a term of imprisonment under § 3582(c)(2) "only when two elements are satisfied: First, the defendant must have been 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission;' and second, the sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Doe*, 564 F.3d 305, 309 (3d Cir.2009) (*quoting* § 3582(c)(2)). The applicable policy statement provides that a sentence reduction is not authorized if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). In this regard, "the policy statement and § 3582(c)(2) are complementary." *Doe*, 564 F.3d at 310.

In *Mateo*, we held that the crack cocaine amendment will not lower the applicable Guidelines sentencing range under U.S.S.G. § 4B1.1(b) for career offenders. *Mateo*, 560 F.3d at 154–55. This is because "Amendment 706 only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1." *Id.* at 155. Because Diehl was sentenced as a career offender, the crack cocaine amendment does not affect his applicable sentencing range. Therefore, he may not obtain a reduction in his sentence pursuant to § 3582(c)(2), and the District Court did not err in denying his motion to reduce his sentence. We also reject Diehl's arguments that *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), require a different result. Neither case provides a basis for a reduction of sentence not otherwise allowable under § 3582(c). *See Mateo*, 560 F.3d at 155, 156.

We will affirm the judgment of the District Court.