

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-2005

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2796

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Jones" (2005). *2005 Decisions.* Paper 544.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/544

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-2796

UNITED STATES OF AMERICA

v.

BERNARD JONES,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court Crim. No.: 3-CR-01-0401-01
District Judge: The Honorable Edwin M. Kosik

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2005

Before: SLOVITER, BARRY, and SMITH, *Circuit Judges*

(Filed: September 15, 2005)

OPINION

SMITH, *Circuit Judge*.

Bernard Jones was convicted of distribution and possession with the intent to

distribute 50 grams or more of crack cocaine, and of conspiring to do the same. On June

15, 2004, Jones was sentenced under the mandatory United States Sentencing Guidelines

1

regime to 360 months' imprisonment. The computation of the Guidelines range was based in part on the Government's position that it was "readily provable" that Jones was involved in distributing between 500 grams and 1.5 kilograms of crack cocaine, that he was the leader of a narcotics distribution organization, and that he possessed firearms in connection with the drug offenses. None of these determinations were ever put to the jury. In addition to challenging his sentence, Jones contends that the District Court erred in restricting the cross examination of Agent Scott Fraley, and that Jones is therefore entitled to a new trial.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231; this Court's jurisdiction is under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We find no error on the cross examination issue and will uphold Jones's conviction.[1] We will vacate the sentence and remand the case for resentencing in accordance with *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005). *United States v. Davis*, 407 F.3d 162, 164-65 (3d Cir. 2005) (en banc).

---

[1] Jones contends that the District Court abused its discretion by not allowing cross examination of Agent Fraley regarding accusations that he had "push[ed] the limits of acceptable law enforcement practices" in other cases. Having reviewed the evidence of Fraley's allegedly "unethical and improper investigatory tactics," the sidebar colloquy, and the District Court's ruling, we find Jones's argument wholly without merit. The District Court was correct to prohibit inquiry into these irrelevant and distracting allegations.