

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2007

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4902

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Jones" (2007). *2007 Decisions.* Paper 1328.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1328

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 05-4902

————

UNITED STATES OF AMERICA

v.

BERNARD JONES,

Appellant

————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 01-cr-00401-1
District Judge: Honorable Edwin M. Kosik

————————————

Submitted under Third Circuit LAR 34.1(a)
December 14, 2006

Before: SMITH and ROTH, <u>Circuit Judges</u>
YOHN*, <u>District Judge</u>

(Filed:   April 11, 2007)

————————

*Honorable William H. Yohn, Jr., District Judge for the Eastern District of
Pennsylvania, sitting by designation.

OPINION

**ROTH,** Circuit Judge

Bernard Jones appeals his sentence of 240 months imprisonment imposed by the District Court. We have jurisdiction to review his sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. *See United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). For the reasons set forth below, we will affirm.

On February 10, 2003, a jury found Bernard Jones guilty of various drug-related offenses.[1] Prior to sentencing, the District Court ordered Jones to undergo a forensic evaluation by the Bureau of Prisons (BOP) to determine his competency. The diagnostic impressions set forth in the report prepared by the BOP included "adult antisocial behavior" and "malingering" tendencies. Counsel for Jones also arranged for a psychological evaluation, which contradicted the findings of the BOP and concluded that Jones suffered from a significantly reduced mental capacity. Jones, however, withdrew his request for a hearing to determine his competency. On June 15, 2004, the District Court sentenced Jones to 360 months imprisonment, followed by 5 years of supervised release.

Jones appealed his conviction and sentence. We affirmed his conviction, but vacated

---

[1]Specifically, the counts for which Jones was ultimately convicted include the following: conspiracy to distribute and possess with intent to distribute in excess of 50 grams of crack cocaine in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute crack cocaine, aid and abet in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and possession with intent to distribute in excess of 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

his sentence and remanded for resentencing in accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Jones*, 142 Fed. Appx. 653 (3d Cir. 2005). On remand, the District Court imposed a sentence of 240 months imprisonment, followed by 5 years of supervised release.

Jones timely appealed his sentence. On appeal, Jones claims that the sentence imposed by the District Court was unreasonable because it failed to consider the sentencing grounds that were properly raised prior to and during his sentencing hearing. Specifically, Jones maintains that the court sentenced him without consideration of his psychological characteristics.

We review a sentence imposed by the district court for reasonableness. *Cooper*, 437 F.3d at 328. To determine whether the District Court acted reasonably in imposing a sentence, we must first be satisfied that the court properly considered the factors set forth in 18 U.S.C. § 3553(a). While the court is not required to discuss each factor listed in section 3553(a), the record must reflect that it, nonetheless, gave them meaningful consideration. *Id*. at 329.

In addition to ensuring that the District Court engaged in meaningful consideration of the section 3553(a) factors, we must also review "whether those factors were reasonably applied to the circumstances of the case." *Id*. at 330. However, because the District Court is in the best position to determine the appropriate sentence for a particular defendant, we apply a deferential standard to such review. *Id.* In addition to the discretion granted to the District Court, the burden lies with the Appellant to prove the unreasonableness of his

sentence on appeal. *Id.* at 332.

In this instance, there is sufficient evidence in the record to indicate that the District Court considered the factors set forth in section 3553(a) in imposing its sentence. Furthermore, we are satisfied that the District Court reasonably applied the section 3553(a) factors to the circumstances of Jones's case. Indeed, the court discussed his history and characteristics, the need for sentencing parity, and the nature and circumstances of the underlying offense for which Jones was convicted. In that regard, the court considered Jones's age, his lack of a prior criminal record, and his close familial relationships. The court, however, also considered evidence indicating that Jones was the leader of the conspiracy for which he was convicted and that he was charged with possessing a weapon. Contrary to Jones's contentions, we are satisfied that the court did, in fact, consider the psychological evidence presented by Jones but rejected it as a basis for lowering his sentence in light of the conflicting evaluations of the BOP and the psychologist retained by Jones, which the court properly recognized.

We defer to the District Court's application of section 3553(a) in determining the appropriate sentence for Jones and conclude that Jones failed to meet his burden of proving that the sentence imposed was unreasonable. Thus, we will affirm the judgment of sentence of the District Court.