NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1694
_____

UNITED STATES OF AMERICA

v.

BERNARD JONES
a/k/a " Butter ",

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 01-cr-00401)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted Under Third Circuit LAR 34.1(a)
October 23, 2012

Before:  HARDIMAN, GREENAWAY, JR., and VANASKIE, *Circuit Judges*.

(Opinion Filed:  November 14, 2012)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Bernard Jones appeals the District Court's order denying his motion to reduce sentence.  We will affirm.

I

Because we write for the parties, who are well acquainted with the case, we recite only the facts and procedural history essential to its disposition.

In 2004, Bernard Jones was found guilty of various crack cocaine offenses. Under the then-mandatory United States Sentencing Guidelines (Guidelines), Jones's initial offense level of 42 corresponded to an imprisonment term of 360 months to life. He was sentenced to 360 months' imprisonment.

In 2005, we vacated and remanded Jones's sentence in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Guidelines were merely advisory. *United States v. Jones*, 142 F. App'x 653, 654 (3d Cir. 2005). The District Court then imposed a new below-Guidelines sentence of 240 months' imprisonment based on various mitigating circumstances. Jones appealed that sentence and we affirmed. *United States v. Jones*, 222 F. App'x 113, 114–15 (3d Cir. 2007).

In 2007, the Sentencing Commission retroactively amended the Guidelines, which reduced the bottom of Jones's sentencing range from 360 months to 292 months. Jones requested a sentence reduction under 18 U.S.C. § 3582(c) and the District Court granted him a proportional sentence reduction from 240 months to 195 months.

In 2011, the Sentencing Commission again retroactively amended the Guidelines, which reduced the bottom of Jones's sentencing range from 292 months to 235 months. This time, however, the Sentencing Commission also adopted a policy statement providing that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." USSG §

2

1B1.10(b)(2)(A). Jones filed another motion for a sentence reduction under § 3582, which was denied on the grounds that Jones's sentence was already "below the recalculated range." Jones now appeals the order of the District Court denying that motion.

## II

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3582 and we have jurisdiction over Jones's appeal under 28 U.S.C. § 1291. Because the District Court based its decision on the legal conclusion that Jones was not eligible for a sentence reduction because his sentence was already below the recalculated Guidelines range, our review is plenary. *See United States v. Sanchez*, 562 F.3d 275, 277–78 (3d Cir. 2009), *overruled on other grounds by Freeman v. United States*, 131 S. Ct. 2685 (2011).

## III

Under 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In this case, it is undisputed that Jones's sentence was 195 months, while the "minimum of the amended guideline range" is 235 months. Therefore, by the terms of § 3582 and the Sentencing Commission's 2011 policy statement, Jones is not eligible for another sentence reduction.

3

In an attempt to avoid this result, Jones argues that the Sentencing Commission's policy statement is invalid because it exceeds the Sentencing Commission's authority, and because it violates separation of powers principles. We rejected these arguments in a recent precedential opinion of the Court. *United States v. Berberena*, Nos. 11–4540, 12–1103, 2012 WL 3937666, at *3–10 (3d Cir. Sept. 11, 2012). In a letter submitted pursuant to Fed. R. App. P. 28(j) Jones concedes, as he must, that his "appeal raises the same issues/arguments that the Court addressed in *Berberena*." Accordingly, we will affirm the order of the District Court.