

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2009

# USA v. Eric Sanchez

Precedential or Non-Precedential: Precedential

Docket No. 08-1847

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Eric Sanchez" (2009). *2009 Decisions.* Paper 1448.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1448

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1847
_____

UNITED STATES OF AMERICA

v.

ERIC SANCHEZ,
a/k/a "E",

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 00-cr-00300-002)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
February 2, 2009

Before:   RENDELL, JORDAN and ROTH, *Circuit Judges*.

(Filed April 3, 2009)
_____

James V. Wade
Ronald A. Krauss
Federal Public Defender - Appeals
100 Chestnut Street - #306
Harrisburg, PA   17101
        *Counsel for Appellant*

Martin C. Carlson
Christy H. Fawcett
United States Attorney's Office
Federal Building
228 Walnut Street
Harrisburg, PA   17108
        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____


JORDAN, *Circuit Judge*.


Eric Sanchez appeals the order of the United States District Court for the Middle District of Pennsylvania denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), the statutory provision allowing a court to reduce a sentence which is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... ." *Id.* The District Court determined that Sanchez was convicted of an offense that carried a mandatory minimum term of

2

imprisonment and that he was therefore ineligible for the requested relief.  For the following reasons, we will affirm.

## I.      Background

On August 8, 2001, Sanchez was charged in a seven-count superseding indictment with various federal offenses related to the distribution of crack cocaine.[1]  He originally pled not guilty, but, after three days of trial, he appeared before the District Court to plead guilty to one count of conspiracy to distribute 50 grams or more of crack cocaine.  At the change-of-plea hearing, Sanchez reported, through counsel, that he and the government had reached a plea agreement which they wanted to be binding under Federal Rule of Criminal Procedure 11(e)(1)(C),[2] and pursuant to which, in exchange for Sanchez's

---

[1]Specifically, Sanchez was charged with one count of conspiring to use a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); three counts of using a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (o); one count of conspiring to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846; and two counts of distributing and possessing with the intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

[2]That subsection of the Rule provides, in pertinent part:

plea, the government promised to drop the remaining counts of the indictment.  In addition, the prosecutor told the Court that the parties stipulated that the quantity of crack cocaine involved in the conspiracy was "between 35 to 50 grams."  (App. at 35.)  Most significantly, the prosecutor explained that "the intent of the plea agreement [was] that the defendant w[ould] receive a sentence of ten years."  (*Id*.)

The Court responded by acknowledging its understanding "that the amount of drugs ... is agreed to be between 35 and 50 grams."  (*Id*. at 36.)  Then, at the specific request of Sanchez's counsel, the Court further acknowledged that the terms of the agreement, if accepted by the Court, were to be binding under Rule 11(e)(1)(C).  Later in the hearing, the Court asked the government to put on the record the facts supporting its case against Sanchez.  The prosecutor said that the government would be able to prove that "the quantity of crack cocaine that was conspired to be distributed or possessed with intent to distribute was between 35 and 50 grams."  (*Id*. at 38.)  Sanchez

---

If the defendant pleads guilty ... to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will ... agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

The subsection has since been renumbered as Rule 11(c)(1)(C).

4

orally agreed to the amount and entered a guilty plea, which the Court accepted. Then, although the binding agreement provided that Sanchez would receive a sentence involving ten years' imprisonment, the Court rightly deferred sentencing pending its receipt of a presentence report ("PSR").[3]

The parties had not reduced their agreement to writing by the time of the change-of-plea hearing, and nothing in the record indicates that they ever did, but the District Court apparently shared their understanding that the agreement was binding. Accordingly, it instructed the government to indicate "in your plea agreement, when it is drafted, ... that this is pursuant to Rule 11(e)(1)(C), and that the Court has accepted this plea agreement." (App. at 39.)

Sanchez was sentenced on August 30, 2002. The probation officer who prepared the PSR calculated the sentencing range – based on a drug weight of 50 grams or more of crack cocaine – at 121 to 151 months, but he acknowledged that, pursuant to the parties' agreement, Sanchez would be sentenced to ten years' imprisonment. Although Sanchez objected to the amount of drugs attributed to him in the PSR, he and his counsel expressly agreed at sentencing that the objection was rendered moot by the stipulated term of imprisonment in the plea agreement. In keeping with that agreement, the Court

---

[3]While the plea agreement provided for a specific term of imprisonment, it did not touch on any of the other aspects of Sanchez's sentence, such as his post-release supervision or whether a fine should be imposed.

sentenced Sanchez to 120 months' imprisonment. In its Statement of Reasons in support of the sentence, the Court adopted the factual findings in the PSR and stated that it was departing from the Guidelines range due to the binding plea agreement under Rule 11(e)(1)(C).

Subsequently, the U.S. Sentencing Commission announced a two-level reduction on crack cocaine offenses and made that amendment retroactive. Sanchez then moved *pro se* for a sentence reduction under 18 U.S.C. § 3582(c)(2). On March 12, 2008, the District Court denied his motion on the basis that he had received a mandatory minimum sentence – ten years imprisonment – for conspiracy to distribute 50 grams or more of crack cocaine. Such sentences, according to the Court, were not eligible for reduction under the retroactive crack cocaine amendments. Sanchez's timely appeal followed.

## II. Discussion

The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. Our jurisdiction arises under 28 U.S.C. § 1291. The District Court ruled that it lacked the authority to reduce Sanchez's sentence under 18 U.S.C. § 3582(c)(2), which presents a legal issue subject to *de novo* review.[4] *See United States v. Edwards*, 309 F.3d 110 (3d Cir.

---

[4]Pertinent authority suggests that abuse-of-discretion review is appropriate when a court declines to reduce a defendant's sentence, despite having the authority to do so. The circuit courts that have considered the issue thus far have applied that

6

2002) ("Our review over legal questions concerning the proper interpretation of the Sentencing Guidelines is plenary." (internal citation omitted)).

According to Sanchez, the District Court erred by treating his ten-year prison sentence as a mandatory minimum and denying on that basis his motion for a sentence reduction. Sanchez pled guilty to Count Five of the indictment, which expressly charged him with conspiracy to distribute "50 grams and more" of crack cocaine (App. at 28), a crime for which 21 U.S.C. § 841(b)(1)(A)(iii), in conjunction with 21 U.S.C. § 846, imposes a 120-month minimum sentence. Sanchez contends, however, that while his sentence may have been in accord with

---

standard. *E.g., United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007); *United States v. Rodriguez-Pena*, 470 F.3d 431, 432 (1st Cir. 2006); *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002); *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996). Moreover, that standard accords with the language of 18 U.S.C. § 3582(c), which states that a court "*may* reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" (emphasis added), and that standard is also in keeping with our usual review of district courts' sentencing determinations, *e.g., United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir. 2006) (internal citation omitted). This case, however, does not present an opportunity for us to employ abuse-of-discretion review, because the District Court ruled that it could not give Sanchez a sentence reduction under § 3582(c)(2).

7

a statutory minimum, it was based on a Rule 11(e)(1)(C) plea agreement, in which he and the government stipulated that he was responsible for "between 35 to 50 grams" of the drug and would receive a sentence including 120 months' imprisonment. (App. at 35.) That stipulation, he argues, should be read as meaning "at least 35, but less than 50, grams," a quantity that would not have subjected him to the mandatory minimum of ten years under § 841(b)(1)(A)(iii).

Although the count of the indictment to which Sanchez pled guilty clearly charged him with responsibility for "50 grams and more" of crack cocaine (App. at 28), Sanchez's position cannot be dismissed out of hand. First, it has some logical force in the abstract. Fifty grams is a highly significant amount when it comes to crack cocaine sentencing, one that triggers a ten-year, rather than a five-year, mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii), and leads to a higher base offense level under the Sentencing Guidelines, *see* U.S.S.G. § 2D1.1(c)(5), (6) (providing a base offense level of 30 for "[a]t least 50 g[rams] but less than 150 g[rams] of cocaine base" and a level of 28 for "[a]t least 35 g[rams] but less than 50 g[rams]" of the substance). It would be odd to stipulate to a range of crack cocaine amounts that, depending on how the stipulation is read, straddles penalty provisions in both the applicable statute and the Sentencing Guidelines.

Second, Sanchez's argument has some support in the record. During the plea colloquy, the District Court said, "It is my understanding that the amount of drugs in this [case] is agreed to be between 35 and 50 grams, and that there is apparently an indication that he would receive ten years." (App.

8

at 36-37.) Counsel for the government assented, saying, "That's correct, Your Honor. I should specify between 35 and 50 grams of crack cocaine." (*Id.* at 37.) Given that all were in accord that Sanchez's part in the charged conspiracy involved 35 to 50 grams of crack, it can be argued that everyone in the courtroom was trying to give effect to a deal exposing Sanchez to punishment geared to their specific agreement, not to the minimum mandatory punishment set forth in § 841(b)(1)(A)(iii). Moreover, despite the unambiguous wording of the charging document, the government, in the brief it submitted to us, concedes that it is "unclear ... whether Sanchez was subject to a [ten]-year mandatory minimum sentence based on the quantity of crack cocaine involved ... ." (Gov't Br. at 14.)

We need not sort out the conflicting signals in the record, however, because we are able to affirm on the alternative ground that Sanchez's sentence was the result of a binding plea agreement and is therefore not subject to reduction under 18 U.S.C. § 3582(c)(2).[5] "An appellate court may affirm a result

---

[5]It can certainly be argued that the guilty plea actually makes irrelevant the stipulation regarding the amount of drugs. Having sworn in open court that he distributed 50 grams or more of crack cocaine, which carries with it a ten-year minimum mandatory sentence, his earlier comments and contentions about the amount involved could be viewed as being superseded by a conclusive admission. Approaching the case in that manner, however, raises the question of whether the amount of the drug charged in the indictment is an element of the charged offense. *Compare United States v. Serrano-Lopez*, 366 F.3d 628, 638

reached by the District Court on different reasons, as long as the record supports the judgment." *Guthrie v. Lady Jane Colleries, Inc.*, 722 F.2d 1141, 1145 n.1 (3d Cir. 1983) (citing *Helvering v. Gowran*, 302 U.S. 238, 245 (1937)). Here, despite the contradictory character of the colloquy and the charging language, the record is clear at least in this: Sanchez was sentenced pursuant to a stipulation in a Rule 11(e)(1)(C) plea agreement.

To stave off that conclusion, Sanchez contends that there is insufficient evidence that the District Court ever accepted his plea. The record, however, definitively proves the opposite. Although Sanchez leans heavily on the District Court's decision to delay sentencing until it had received the PSR – a fact that, out of context, might indicate that the Court had yet to accept the binding plea agreement – that deferral must be seen in light of two statements indicating the Court's acceptance of the plea at the change-of-plea hearing. First, after Sanchez's counsel

_____

(8th Cir. 2004) (quantity is an element of drug offenses where "it can and does lead to the imposition of a sentence greater than the otherwise applicable statutory maximum") *with United States v. Outen*, 286 F.3d 622, 635 (2d Cir. 2002) (quantity becomes an element of the offense where it "may be used to impose a sentence above the statutory maximum for an indeterminate quantity of drugs") *and with United States v. Smith*, 308 F.3d 726, 741 (7th Cir. 2002) (quantity not an element of § 841 offenses). We need not decide that issue today, since we can dispose of the case on the basis of the Rule 11(e)(1)(C) agreement.

10

confirmed that the parties were agreed as to the plea's binding nature, the Court said, "I will accept that." (App. at 37.) Then, the Court gave the government the following instructions: "And in your plea agreement, when it is drafted, would you indicate that this is pursuant to Rule 11(e)(1)(C), and that the Court has accepted [it]?" (App. at 39.)

There is further proof that the parties reached, and the Court approved, a binding agreement. At Sanchez's sentencing hearing, the Court asked him and his counsel whether they agreed that their objections to the PSR were preempted by the binding agreement, to which they both responded affirmatively. Moreover, in its written Statement of Reasons supporting the sentence, the Court noted that it had departed from the Guidelines range "[p]ursuant to the terms of the binding plea agreement under Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure." Given those statements, Sanchez's claim that the Court never accepted the agreement is plainly untenable.

Sanchez also implies that the plea agreement was non-binding because it was never reduced to writing.[6] "Plea agreements, although arising in a criminal context, are analyzed under contract law standards." *United States v. Nolan-Cooper*, 155 F.3d 221, 236 (3d Cir. 1998) (citing *United States v. Moscahlaidis*, 868 F.2d 1357, 1361 (3d Cir. 1989)). Just as contracts are not invalid simply because they are made orally,

_____

[6]The government neither admits nor denies that the plea agreement was not written down, but no written agreement appears in the record.

11

the same is true of plea agreements. *See Santobello v. New York*, 404 U.S. 257 (1971) (finding government in breach of plea agreement for reneging on oral promise to abstain from a sentencing recommendation); *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003) ("The terms of oral plea agreements are enforceable, as are those of any other contracts, even though oral plea agreements are not encouraged by reviewing courts."). Here, the record establishes that the parties reached an agreement as to Sanchez's guilt concerning a particular charge, the amount of drugs for which he was responsible, and the sentence he was to receive. Written or not, that agreement is binding on Sanchez, and nothing that occurred either at the plea hearing or at sentencing indicates that anyone understood it to be less than that.

Finally, Sanchez argues that, even if he entered into a binding plea agreement, its existence does not render him ineligible for the sentence reduction he seeks. Under 18 U.S.C. § 3582(c)(2), a court may reduce the prison term of a "defendant who has been sentenced ... based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... ." While we have not applied this provision to a defendant in Sanchez's situation, at least three Circuit Courts have concluded that a sentence prescribed in a binding plea agreement is not "based on" a subsequently lowered sentencing range. We find their reasoning to be persuasive.

In *United States v. Trujeque*, 100 F.3d 869 (10th Cir. 1996), the Tenth Circuit held that a district court lacked jurisdiction to consider a motion for sentence reduction under § 3582(c)(2), based on an amendment concerning the calculation

12

of LSD weight, when a defendant was sentenced pursuant to a binding plea agreement. Because Trujeque, like Sanchez, had agreed to serve a specific term of imprisonment, the Court reasoned that the retroactive amendment had no effect on the original sentence. *Id.* at 870-71.

The Sixth Circuit adopted the logic of *Trujeque* in *United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004), which affirmed a district court decision claiming a lack of authority to modify a sentence imposed pursuant to a binding plea agreement, notwithstanding a retroactive amendment that lowered the Guidelines range applicable to the defendant. Notably, Peveler and the government had not agreed to a specific sentence, but to a total offense level based on specific calculations that appeared in the plea, from which the court would derive a sentence. *Id.* at 370. Regardless, the Court concluded that "absent an agreement of the parties, the plain language of ... Rule 11(c)(1)(C) generally precludes the district court from altering the parties' agreed sentence under § 3582(c)." *Id.* at 378. The Seventh Circuit has likewise ruled that "[a] sentence imposed under a Rule 11(c)(1)(C) arises directly from the agreement itself, not from the [Sentencing] Guidelines." *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005).

Sanchez attempts to distinguish his case from *Trujeque* on the basis that his ten-year sentence fell within, and was thus "based on," his Guidelines range, whereas Trujeque, who was subject to a Guidelines range of 27 to 33 months, received an 84-month sentence. Sanchez refers to the range found by the sentencing court in that case, but, according to the Tenth Circuit, the sentencing decision "erroneously stated Trujeque's ...

13

sentencing range under the [G]uidelines." 100 F.3d at 871 n.3. Indeed, Trujeque's sentence was within the Guidelines, even as amended. *Id.* at 870.

As for other cases finding sentences imposed pursuant to binding agreements ineligible for reduction, Sanchez claims that they are unpersuasive in light of § 3582(c)'s plain language. But it is he who strains the statutory text. As stated above, § 3582(c)(2) permits a court to reduce the prison term of a "defendant who has been sentenced ... *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission ... ." (emphasis added). According to Sanchez, the fact that his ten-year sentence fell within what would have been his Guidelines range shows that the parties considered the Guidelines when agreeing on a sentence. In this manner, he says, his sentence is "based on" a subsequently lowered range.[7]

_____

[7]Sanchez does find support for his position in a recent Fourth Circuit opinion. In *United States v. Dews*, 551 F.3d 204 (4th Cir. 2008), a majority of the panel held that two defendants who received 168-month sentences pursuant to Rule 11(e)(1)(C) plea agreements were eligible for crack-cocaine sentence reductions under § 3582(c)(2). According to the majority, the sentences were "based on" the Guidelines, as well as the plea agreements, because the district court did not accept the pleas until it confirmed that the agreed-on sentences were within the Guidelines range. *Id.* at 208-09. Even under this reading of § 3582(c)(2), it is unclear how the defendants in that case were eligible for sentence reductions. The meaning of "based on" aside, the defendants – and the district court – are still bound to

14

the terms of the Rule 11(e)(1)(C) agreements, which called for specific sentences. "Under contract principles, a plea agreement necessarily 'works both ways.' Not only must the government comply with its terms and conditions, but so must the defendant." *Williams*, 510 F.3d at 422 (3d Cir. 2007) (quoting *United States v. Carrara*, 49 F.3d 105, 107 (3d Cir. 1995)); s*ee also United States v. Makai*, 26 F.3d 953, 955 (9th Cir. 1994) ("The rules contain no provision for the district court to modify a Rule 11(e)(1)(C) plea agreement."). We agree with the dissent in *Dews*, which "would [have] conclude[d] on that basis alone that the district court correctly determined that it did not have jurisdiction to consider the ... § 3582(c)(2) motion[s] for reduction of sentence." 551 F.3d at 215.

In expressing agreement with Sanchez, the dissent cites *Dews* and the contract principle of "fundamental assumption." Here, according to the dissent, the relevant Sentencing Guideline constitutes the mutually held fundamental assumption on which Sanchez's agreement to a ten-year sentence was conditioned. And, because the Guideline was altered five years after the sentence was entered, the dissent's reasoning is presumably that the parties have turned out to be mistaken in their assumption, so Sanchez may rescind his promise. Had both parties misunderstood the applicable Guideline at the time they entered into the plea agreement, the dissent's analysis would carry more weight. But they did not. There is no indication of a mutual mistake. Nor does the record or common sense, to which the dissent appeals, suggest that the government entered the plea agreement on the assumption that the Guidelines would never change. Just as the buyer of an

15

The flaw in Sanchez's reasoning is two-fold. First, there is nothing in the record to support his assertion that the parties based the ten-year term on a Guidelines calculation. We could speculate about how they came to that number, but it would be pure speculation. Second, even if the parties did as Sanchez claims, the pertinent question is not answered by the parties' background negotiations. The question is what is the sentence based on, and the answer depends on what happened in court. Because district courts, not parties, impose terms of imprisonment, § 3582(c)'s language directs our attention to what the District Court considered in sentencing the defendant. *See* 18 U.S.C. § 3582(c)(2) ("[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."). Here, the record shows that Sanchez was sentenced based on a binding plea agreement under Rule 11(e)(1)(C) and not on a range from the Sentencing Guidelines. If "binding" is to have meaning, it cannot be undone by the discretionary possibility of a different sentence

---

automobile cannot rescind his purchase when the market changes and the same model suddenly becomes cheaper, Sanchez must likewise live with the bargain he made, though he might have later gotten the same deal at a price less dear. His unilateral assumption about the invariability of the Guidelines, if he actually had such an assumption, does not entitle him to change the arrangement he made with the government.

16

under § 3582(c). Sanchez is therefore ineligible for a reduction under that statute.[8]

---

[8]The dissent notes that all plea agreements are binding, except for those expressly made conditional. While it is true that all plea agreements are binding on the parties, only those entered pursuant to what is now Rule 11(c)(1)(C) are binding on the sentencing court. That distinction is significant in the § 3582(c) context, which obliges us to ask what the sentence is "based on." Where, as here, the District Court accepted a so-called "C" plea, the answer is simple: the sentence is based on the terms expressly agreed on by the defendant and the government. That is what the Rule itself demands.

We are not, as the dissent suggests, eliding the question of whether Sanchez's sentence is also based on a Sentencing Guideline. On the contrary, we are confronting it head-on. Sanchez's sentence cannot be based on the Guidelines because the Court lacked the discretion to consider anything outside of the parties' agreement in sentencing him. According to the dissent, the parties must have considered the relevant Guideline in negotiating a sentence. But even if the dissent were correct, it is ultimately irrelevant what the parties considered. Sanchez's sentence is "based on" whatever the District Court considered in imposing it, and, as we have explained, the District Court was constrained to adhere strictly to the terms of the parties' agreement.

17

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's denial of Sanchez's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) on the basis that Sanchez was sentenced pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(e)(1)(C).

RENDELL, *Circuit Judge,* Concurring:

I agree with Judge Jordan that we can affirm the District Court's denial of a reduction, but would do so without deciding what Sanchez's sentence was "based on."  Here, there was a binding plea agreement – binding not only on the parties, but on the court as well –  that would prevent the District Court from ever imposing a different sentence.  There was no provision in the plea agreement that a later amendment to the guidelines, or consideration of crack / cocaine disparity, would permit re-sentencing.  Absent some agreed-upon basis for a different sentence, the plea agreement was binding as a matter of law.  Rule 11(c)(1)(C) so states.[9]

The District Court here made it abundantly clear at sentencing that she was bound by the terms of the plea agreement to impose the 120 months' sentence.  Judicial opinions considering this issue have recognized the contractual nature of such agreements, binding the courts as well as the

---

[9] Rule 11(c)(1)(C) specifically states that the government may agree to a specific sentence in a plea agreement, and that this "binds the court once the court accepts the plea agreement."

18

parties. *See, e.g.*, *United States v. Peveler*, 359 F.3d 369, 379 (6th Cir. 2004) ("[T]he plain language of . . . Rule 11(c)(1)(C) generally precludes the district court from altering the parties' agreed sentence under 18 U.S.C. § 3582(C). This conclusion applies despite the retroactivity of a subsequent amendment to a relevant guideline utilized to determine the defendant's sentence."); *United States v. Dews*, Nos. 08-6458, 08-6476, 2008 WL 5413465, at *13 (4th Cir. Dec. 30, 2008) (Agee, J., dissenting).

I suggest that the exercise of trying to divine what the sentence was "based on" serves little purpose, for, whether or not section 3582(a)(2) permits Sanchez to file a motion, and whether or not this provision states (as it does) that the sentencing court then "may reduce" his sentence, in truth, it cannot. The agreement is the agreement, binding on the District Court without exception applicable here. The filing of the motion is as useless an act as is our agonizing over what the sentence was "based on." Accordingly, we should affirm because the District Court was without authority to reduce the sentence it imposed on Sanchez by virtue of the binding plea agreement.

**ROTH**, Circuit Judge, Dissenting:

No good deed goes unpunished. The majority provides for resentencing under § 3582(c) for criminal defendants who go to trial – but not for those who enter into binding plea

19

agreements.[10] For the majority, the binding nature of such agreements justifies a difference in the treatment between the offenders who choose to go to trial and those who choose to plead guilty thus saving judicial and governmental resources.[11] I find this distinction false because a jury verdict is also binding on the parties. Accordingly, I believe that the binding effect of the factors leading up to the judgment should not preclude the application of § 3582(c). For these reasons, I respectfully dissent from the majority opinion and suggest that defendants sentenced under binding plea agreements should be permitted to move for resentencing based on a change in the Guidelines that would affect the basic elements that led up to the final plea agreed upon.

Although I appreciate the majority's sincere interest in holding defendants, prosecutors, and courts to the bargain that is created once a district court accepts a plea agreement under Rule 11(c)(1)(C), I do not see how permitting a defendant to later seek resentencing under § 3582(c)(2) destroys this bargain. I agree with the reasoning of the Fourth Circuit Court of Appeals in *United States v. Dews*, 551 F.3d 204 (4th Cir. 2008): a plea agreement specifying a particular sentence does not necessarily include the waiver of a defendant's right to seek resentencing under § 3582(c)(2). *Id.* at 211. A defendant, like Sanchez, who agrees to accept a certain sentence, does not agree

---

[10] I am not aware of plea agreements that are not binding, except as specifically made conditional.

[11] Sanchez of course pled guilty part way through his trial, thus only saving part of the trial expense.

that he will not seek resentencing if at some point in the future the Guideline on which his sentence is based changes. Such a waiver must be specifically bargained for, just like the waiver of a defendant's right of appeal or other possible terms of a plea agreement.

In addition, I take issue with my colleagues' refusal to address whether or not Sanchez's sentence was "based on" a Sentencing Guideline that was subsequently changed. Because I believe defendants, who enter into binding plea agreements, should be permitted to file motions for resentencing under § 3582(c)(2), I will touch briefly on this issue.

The majority suggests not enough information exists in the record to divine whether the 120-month sentence, stipulated to in the plea agreement, was based on the Guidelines. From my perspective, it strains credulity to imagine that the plea agreement was *not* based on the Guidelines. When offenders are considering a plea, the sentencing consequences, including the impact of the Sentencing Guidelines, are a crucial element in reaching the bargain. Of course, mandatory minimum terms of imprisonment will also be an element. All these factors are considered in a plea negotiation.

Sanchez pled to conspiracy to distribute between 35 and 50 grams of crack cocaine.[12] Under the Guidelines in effect at the time of his sentencing, this amount of drugs resulted in a

---

[12] The majority points to some confusion over whether Sanchez actually pled to 50 grams and more or between 35 and 50 grams. This confusion is more imagined than real. It is clear from the transcript of the plea hearing that the parties intended the amount to be between 35 and 50 grams.

base offense level of 30 and a sentence range of 97-121 months. It requires only the smallest inference to determine this Guidelines sentence range provided the boundaries of what would be acceptable to both the Government and Sanchez, resulting in their selection of 120 months in their plea agreement.[13]

---

[13] The majority and the concurrence both couch their arguments that plea agreements must be strictly adhered to in contract terms. One contract principle they have neglected to mention is that even where a contract has been fully integrated, a plaintiff may demonstrate the existence of a "fundamental assumption" that is a basic condition of the contract. As Corbin observes:

> It very often happens that when two parties are trying to integrate their agreement in a writing, they omit to state some fundamental assumption on the basis of which, as both of them well know, the agreement is being made. The mere existence of the writing should never be held to exclude testimony of such an unstated fundamental assumption. The truth of this assumption – the existence of the fact that is assumed – is a condition of the obligation of the written promise....

6 Arthur Linton Corbin, *Corbin on Contracts* § 590, at 240 (rev. ed. 2002). Where a plea agreement is the contract involved, it is commonsense that the relevant Sentencing Guidelines for a defendant's offense would constitute a "fundamental assumption" that the parties both held unless proven otherwise.

22

For the foregoing reasons, I respectfully dissent and suggest that we should reverse the denial of the motion for resentencing under § 3582(c)(2) and remand this case for a redetermination of Sanchez's motion.