**UNITED STATES of America**

v.

**Jose PEREZ–CORDERO, Appellant.**

**No. 08–1809.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 13, 2009.

Filed: July 27, 2009.

William S. Houser, Esq., Office of United States Attorney, Scranton, PA, Theodore B. Smith, III, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Carl J. Poveromo, Esq., Rinaldi & Poveromo, Scranton, PA, for Appellant.

Before: RENDELL, FUENTES and ROTH, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

This appeal raises a single issue: whether a district court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2), the statutory provision allowing a court to reduce a sentence which is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," when that sentence is imposed pursuant to a binding plea agreement. The District Court concluded that enforcement of the stipulated sentence was mandatory; defendant Jose Perez–Cordero appealed.[1] We conclusively resolved the issue in *United States v. Sanchez*, holding, "If 'binding' is to have meaning, it cannot be undone by the discretionary possibility of a different sentence under § 3582(c)." 562 F.3d 275, 282 (3d Cir.2009).

Here, Perez–Cordero stipulated to the sentence imposed in a binding plea agreement under Fed.R.Crim.P. 11(c)(1)(c), the validity of which is undisputed.[2] Accordingly, we will AFFIRM the order of the District Court.

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

2. Perez–Cordero also contends that the District Court should have conducted a hearing on whether a sentence reduction was appropriate under § 3582(c)(2). Because a sentence reduction was not permissible here, Perez–Cordero suffered no prejudice from the District Court's refusal to hold a hearing.