**UNITED STATES of America,**
**Appellant**

v.

**John MCLEAN.**

**No. 08–2507.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 13, 2009.

Filed: July 27, 2009.

Theodore B. Smith, III, Esq., Office of United States Attorney, Harrisburg, PA, for Appellant.

James A. Swetz, Esq., Cramer, Swetz & McManus, Stroudsburg, PA, for Defendant–Appellee.

Before: RENDELL, FUENTES and ROTH, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

This appeal raises a single issue: whether a district court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2), the statutory provision allowing a court to reduce a sentence which is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," when that sentence is imposed pursuant to a binding plea agreement. Concluding that enforcement of the stipulated sentence was not required, the District Court reduced defendant John McLean's sentence; the government appealed.[1] We conclusively resolved the issue in *United States v. Sanchez*, holding, "If 'binding' is to have meaning, it cannot be undone by the discretionary possibility of a different sentence under § 3582(c)." 562 F.3d 275, 282 (3d Cir. 2009).

Here, McLean stipulated to the sentence imposed in a binding plea agreement under Fed.R.Crim.P. 11(c)(1)(C), the validity of which is undisputed. Accordingly, we

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

will REVERSE the order of the District Court and REMAND the case.

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.