UNITED STATES of America,
Appellant

v.

Antoine TUCKER, a/k/a Lakeen Tucker, a/k/a "Face".

No. 08–2400.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 13, 2009.

Filed: July 27, 2009.

Theodore B. Smith, III, Esq., Office of United States Attorney, Harrisburg, PA, for Plaintiff–Appellant.

Ronald A. Krauss, Esq., Office of Federal Public Defender, Harrisburg, PA, for Defendant–Appellee.

Before: RENDELL, FUENTES and ROTH, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

This appeal raises a single issue: whether a district court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2), the statutory provision allowing a court to reduce a sentence which is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," when that sentence is imposed pursuant to a binding plea agreement. Concluding that enforcement of the stipulated sentence was not required, the District Court reduced defendant Antoine Tucker's sentence; the government appealed.[1] We conclusively resolved the issue in *United States v. Sanchez*, holding, "If 'binding' is to have meaning, it cannot be undone by the discretionary possibility of a different sentence under § 3582(c)." 562 F.3d 275, 282 (3d Cir.2009).

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pur- suant to 28 U.S.C. § 1291.

Here, Tucker stipulated to the sentence imposed in a binding plea agreement under Fed.R.Crim.P. 11(c)(1)(c), the validity of which is undisputed. Accordingly, we will REVERSE the order of the District Court and REMAND the case.