OPINION
PER CURIAM.
Edward Coleman, proceeding pro se, appeals the order of the District Court denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B). For the following reasons, we will affirm.
I.
In 2004, Coleman was indicted in the United States District Court for the Eastern District of Pennsylvania on two counts of possession of a firearm by a convicted felon and three counts of possession of a controlled substance. The indictment stemmed from two unrelated arrests on June 13, 2003 and September 26, 2003. A jury found him guilty of the three counts resulting from the June 13 arrest; he later pled guilty to the remaining two counts. At sentencing, the base offense level for the firearm count was used, as it was higher than that for the drug count. Because Coleman had a least two prior convictions for drug or violent felonies, the base offense level was 24. His status as an armed career offender increased the level to 33. The District Court sentenced him to 240 months of imprisonment, near the low end of the 235-to-293-month range. We affirmed Coleman’s conviction and sentence. United States v. Coleman, 451 F.3d 154 (3d Cir.2006), cert. denied, 549 U.S. 1137, 127 S.Ct. 991, 166 L.Ed.2d 748 (2007).
Coleman filed a pro se motion under 28 U.S.C. § 2255 in November 2007. The *289 District Court denied that motion in January 2009 and we denied his request for a certificate of appealability (“COA”) in October 2009. In May 2009, while his request for a COA was pending, Coleman filed a “Motion to Modify an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(B) ... predicated upon modifying statute 28 U.S.C. § 2255.” After giving Coleman notice pursuant to United States v. Miller, 197 F.3d 644 (3d Cir.1999), the District Court denied the motion in June 2009. Coleman timely appealed.
II.
We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court’s determination that a defendant is ineligible for a sentence reduction pursuant to § 3582(c). See United States v. Sanchez, 562 F.3d 275, 277 & n. 4 (3d Cir.2009).
III.
Coleman argues that the District Court erred in denying his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B). That section states that “the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.” Coleman contends that 28 U.S.C. § 2255 is the modifying statute that would authorize this Court to reduce his sentence.
Coleman claims that the sentencing court erred in classifying him as an armed career offender. He argues that his prior convictions do not qualify as “serious drug offenses” under 18 U.S.C. § 924(e)(2)(A)(ii)[1] because they were for relatively small quantities of narcotics. Nevertheless, the record shows that his prior convictions did qualify as “serious drug offenses,” given that possession with the intent to distribute or deliver cocaine carries a ten-year maximum sentence. 35 Pa. Stat. § 780-113(0(1.1).
The purpose of Coleman’s invocation of § 2255 is unclear. To the extent he is seeking to overturn the conviction on which his career criminal status is predicated, § 3582 is not the appropriate vehicle to do so. Because he has already challenged his present conviction and sentence via § 2255, he may not do so again without first obtaining authorization from us. See §§ 2244, 2255.
VI.
For the foregoing reasons, we will affirm the District Court’s judgment.

. Under § 924(e)(2)(A)(ii), a "serious drug offense’’ is one that carries "a maximum term of imprisonment of ten years or more."