PSM-163                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1411
_____

UNITED STATES OF AMERICA

v.

JOHN BRYANT,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 06-cr-00838-001)
District Judge:  Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 28, 2010

Before:  FUENTES, GREENAWAY. JR., AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 28, 2010)
_____

OPINION
_____

PER CURIAM

    John Bryant appeals from the order of the United States District Court for the

Eastern District of Pennsylvania denying his motion under 18 U.S.C. § 3582(c)(2) for a

reduction of sentence.  We will affirm.

In 2004, pursuant to a plea agreement, Bryant pleaded guilty to possession with intent to distribute cocaine base ("crack") (21 U.S.C. § 841(a)) and possession of a firearm as a convicted felon (18 U.S.C. § 922(g)). In the plea agreement, the parties agreed, under Federal Rule of Criminal Procedure 11(c)(1)©, that Bryant would be sentenced to a term of 188 months of imprisonment. The parties stipulated that Bryant was classified as a career offender under U.S.S.G. § 4B1.1, resulting in a base offense level of 34 and a criminal history category of VI. The parties also stipulated that Bryant was eligible for a reduction of three levels based on his acceptance of responsibility.[1] The District Court accepted the agreement and imposed the agreed-upon 188-month sentence.

In December 2009, Bryant filed his section 3582(c)(2) motion to reduce his sentence on the basis of Amendment 706 to the Sentencing Guidelines, a retroactively applicable amendment that generally reduced by two levels the base offense level for crack cocaine offenses. The government filed a response in opposition. Relying on the reasons set forth in the government's response, the District Court denied Bryant's motion. In particular, the District Court held that Bryant was sentenced pursuant to a stipulation in his plea agreement under Rule 11(c)(1)©, and also noted Bryant's career offender status. Bryant appeals.

---

[1] With Bryant's total offense level of 31 and criminal history category of VI, his calculated guideline imprisonment range was 188 months to 235 months.

The District Court had jurisdiction under 18 U.S.C. § 3231 to review Bryant's

motion. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise de novo

review of a district court's interpretation of the Sentencing Guidelines. See United States

v. Sanchez, 562 F.3d 275, 277-78 (3d Cir. 2009). We review the ultimate decision

whether to grant or deny a section 3582(c)(2) motion under an abuse of discretion

standard. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

Upon review of the record and the parties' arguments, we conclude that the

District Court did not abuse its discretion in denying Bryant's motion. Section 3582(c)(2)

permits a motion for reduction of sentence for a defendant sentenced to a term of

imprisonment based on a sentencing range later lowered by the Sentencing Commission.

After the District Court's ruling in this case, we decided in United States v. Sanchez,

562 F.3d 275 (3d Cir. 2009), that a sentence reduction under section 3582(c)(2) is

unavailable to a defendant who was sentenced pursuant to a Rule 11[2] binding plea

agreement. In so ruling, we noted the distinction between a sentence imposed under the

terms of a binding plea agreement and a sentence "based on" a Sentencing Guidelines

range for purposes of section 3582(c)(2). See Sanchez, 562 F.3d at 281-82. It is plain

from the record in this case that the District Court imposed Bryant's sentence based on

the parties' Rule 11(c)(1)© agreement, not on a Sentencing Guidelines range. Bryant is

_____

[2] Sanchez discusses the binding plea agreement provision of former Rule 11(e)(1)(C), which has since been renumbered as Rule 11(c)(1)(C).

thus ineligible for a sentence reduction under the mechanism of section 3582(c)(2).

Moreover, even if it could be said that Bryant was not sentenced based on a Rule 11(c)(1)© binding plea agreement and instead was sentenced based on a Sentencing Guidelines range, his base offense level was determined based on his career offender classification under U.S.S.G. § 4B1.1. That is, Bryant's base offense level was not based on the crack cocaine offense under U.S.S.G. § 2D1.1, the provision affected by Amendment 706. In Mateo, supra, we noted that Amendment 706 simply does not benefit career offenders; because Amendment 706 did not lower the applicable Sentencing Guidelines range for career offenders, we held that a defendant sentenced as a career offender is not entitled to a section 3852(c)(2) reduction based on Amendment 706. See Mateo, 560 F.3d at 155. Bryant argues that application of "Amendment 706 would result in [his] base offense level being reduce[d] from a level 31 to level 29." Appellant's Brief, attached Argument at 2. Yet the plea agreement contains the stipulation that his base offense level is 34 in light of his career offender classification. Bryant acknowledged in his section 3582(c)(2) motion that the base offense level for the crack offense was 22, but his offense level was increased to 34 as a career offender. That higher offense level is unchanged by Amendment 706. See Mateo, 560 F.3d at 154-55 (explaining that the defendant's career offender base offense level remained at 34, regardless of whether the otherwise applicable base offense level would be reduced under Amendment 706). As in Mateo, Bryant is not entitled to relief under section 3582(c)(2)

4

on the basis of Amendment 706, and the District Court did not err in denying Bryant's motion to reduce his sentence.

We will affirm the District Court's judgment.