**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4067

UNITED STATES OF AMERICA

v.

ANDRE WILLIAMS
a/k/a "Lucky"

Andre Williams, Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 3-06-cr-00052-002
District Judge: The Honorable Thomas I. Vanaskie

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 16, 2010

Before: SLOVITER, BARRY, and SMITH, *Circuit Judges*

(Filed:   October 14, 2010 )

OPINION

SMITH, *Circuit Judge.*

In 2007, the United States District Court for the Middle District of

Pennsylvania, pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), sentenced Andre Williams to 120 months of imprisonment.  The 120 month sentence was 68 months below the lower parameter of the sentencing guidelines range.  In 2008, after the United States Sentencing Commission amended the sentencing guidelines by generally reducing the base offense level for crack cocaine offenses, *see* U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007), Williams moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and urged the District Court to conduct a resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005).  The District Court concluded that Williams was not eligible for a reduction under § 3582(c)(2) in light of our decision in *United States v. Sanchez*, 562 F.3d 275 (3d Cir. 2009).  Furthermore, the District Court noted that, even if Williams was eligible for a reduction, it would not award a reduction because the sentence was already below the lower parameter of the revised guideline range.

Williams filed a timely appeal.[1]  Williams raises two arguments solely for the purpose of issue preservation.[2]  As he concedes, *Sanchez* controls.

---

[1]  The District Court exercised jurisdiction under 18 U.S.C. §§ 3231 and 3582(c).  Appellate jurisdiction exists under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2]  As these issues present questions of law regarding the application of 18 U.S.C. § 3582(c)(2), our review is plenary. *United States v. Sanchez*, 562 F.3d 275, 277-78 (3d Cir. 2009).

Accordingly, Williams' binding plea agreement rendered him ineligible for a reduction under § 3582(c)(2).[3] *Sanchez*, 562 F.3d at 279. Even if he had been eligible for relief under § 3582(c)(2), he would not have been entitled to a full resentencing in accordance with *Booker*, which would have been the only avenue available to obtain a further reduction in his sentence. *Dillon v. United States,* __U.S. __, 130 S.Ct. 2683, 2690-91 (June 17, 2010).

We will affirm the District Court's order.[4]

---

[3] Mindful that the Supreme Court has granted *certiorari* in *Freeman v. United States*, No. 09-10245, to address whether a defendant is eligible for relief under 18 U.S.C. § 3582(c)(2) if the district court accepted a Rule (c)(1)(C) plea agreement, we note that our decision does not preclude Williams from filing a subsequent motion in the District Court if *Sanchez* is abrogated.

[4] Our decision is rendered without prejudice to Williams asserting whatever rights he may have under the Fair Sentencing Act of 2010, Pub. L. 111-220 (August 3, 2010).