CLD-082                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4522
_____

DOUGLAS SHARRON PIGGEE,
Appellant

v.

WARDEN BLEDSOE
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-09-cv-01935)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 6, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: January 20, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

Douglas Piggee, a federal prisoner proceeding pro se, appeals from the district

court's order dismissing his petition filed pursuant to 28 U.S.C. § 2241.  Because his

1

appeal presents no substantial question, we will summarily affirm the district court's order. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

In 1999, Piggee was convicted of armed bank robbery in the United States District Court for the Eastern District of California. The district court classified him as a career offender under Section 4B1.1 of the United States Sentencing Guidelines ("USSG"), and sentenced him to 188 months of imprisonment, to be followed by 60 months of supervised release. Piggee filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied. It does not appear that he appealed to the United States Court of Appeals for the Ninth Circuit.

Piggee is currently confined in the United States Penitentiary at Lewisburg, Pennsylvania. On May 22, 2009, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. The petition raised the following claims: (1) his due process rights were violated due to his classification as a career offender; (2) he was denied effective assistance of counsel when his attorney stipulated that he was a career offender and failed to object to the classification of his 1991 grand theft conviction as a felony rather than a misdemeanor; and (3) a change in the law has made his grand theft conviction a misdemeanor for purposes of the career offender sentencing enhancement. On May 27, 2009 the district court dismissed Piggee's petition for lack of jurisdiction after finding that Section 2241 was not the proper vehicle for bringing his claims. (M.D. Pa. Civ. No. 09-cv-00978.) He

2

did not appeal from that decision.

Then, in October 2009, Piggee filed the present 28 U.S.C. § 2241 petition. He raised the same ineffective assistance of counsel claim that he set forth in his first Section 2241 petition. He also asserted that he was actually innocent of being a career offender because his grand theft conviction should not have been classified as a felony. After finding that these claims were essentially the same as those presented in his previous petition, the district court dismissed the petition as successive under 28 U.S.C. § 2244(a).

Piggee now appeals.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

Apart from whether Piggee's petition was successive pursuant to 28 U.S.C. § 2244(a), it is apparent that his claims are not viable under Section 2241. We will therefore affirm the district court's decision on this basis. *See United States v. Sanchez*, 562 F.3d 275, 279 (3d Cir. 2009) (noting that a federal appellate court may affirm a district court's result on any ground supported by the record). A federal prisoner can

---

[1] Piggee also filed a motion for reconsideration, which the district court denied on November 4, 2010. We note that Piggee's notice of appeal does not encompass the district court's denial of his motion for reconsideration. *See* Fed. R. App. P. 4(a)(4)(B)(ii). Our review is therefore confined to the October 23, 2009 order dismissing Piggee's 28 U.S.C. § 2241 petition. *See, e.g.*, *United States v. McGlory*, 202 F.3d 664, 668 (3d Cir. 2000).

seek relief under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his or her detention. *Cradle*, 290 F.3d at 538; *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). This occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims. *Cradle*, 290 F.3d at 538. This exception is extremely narrow and applies only in rare circumstances. *See, e.g.*, *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d. Cir. 1997) (applying exception where an intervening change in the law decriminalized the conduct underlying the petitioner's conviction).

Piggee asserts that he is actually innocent of being a career offender, and that, under *Dorsainvil*, his claim is properly brought under Section 2241. He is mistaken. *Dorsainvil* allows relief under Section 2241 when a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. 119 F.3d at 251-52. Piggee makes no allegation that he is actually innocent of the crime for which he was convicted; he only asserts that his sentence was improperly calculated. The *Dorsainvil* exception is therefore inapplicable, and relief under Section 2241 is not available. *See Okereke*, 307 F.3d at 120-21 (holding that a petitioner could not proceed under Section 2241 because his argument was based on "*Apprendi* [which] dealt with sentencing and did not render . . . the crime for which Okereke was convicted, not criminal").[2]

---

[2] Even if Piggee's claim was appropriately brought under Section 2241, we note that he wrongly believes that his grand theft conviction was used to classify him as a

4

Finally, Section 2241 is not available for Piggee's ineffective assistance of counsel claim, as he has not demonstrated that Section 2255 is an "inadequate or ineffective remedy."

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the district court's judgment. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We deny Piggee's motion for appointment of counsel.

---

career offender. The documents that he submitted show that he was classified as a career offender based on a 1988 conviction for assault with a deadly weapon and a 1993 drug trafficking offense. His 1991 grand theft conviction added two points to his criminal history total pursuant to U.S.S.G. § 4A1.1(b), but seems not to have played any part in the determination that he was eligible for the career offender enhancement pursuant to U.S.S.G. § 4B1.1.