**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3211
_____

ROOSEVELT CARABALI RUIZ,
Appellant

v.

FEDERAL BUREAU OF PRISONS;
MOSHANNON VALLEY CORRECTIONAL CENTER;
CAMERON LINDSAY, MVCC Warden;
CORNELL COMPANIES, INC.;
MS. M DAWSON, Adm. Director;
DR. SONTHEITER;
MR. BUCKLES, Associate Warden;
HARLEY G. LAPPIN, Director

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 10-cv-00068)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2012
Before:  RENDELL, FUENTES and WEIS, <u>Circuit Judges</u>
(Filed: May 2, 2012)
_____

OPINION
_____

PER CURIAM.

Roosevelt Carabali Ruiz, proceeding pro se, appeals from the District Court's order dismissing his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(b). For the following reasons, we will affirm.

**I.**

Ruiz is a federal prisoner who was formerly incarcerated at the Moshannon Valley Correctional Center ("Moshannon Valley"), a private correctional facility in Philipsburg, Pennsylvania. In March 2010, he filed a complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that he had been denied adequate medical care at Moshannon Valley in violation of his rights under the Eighth Amendment.[1] In the complaint, Ruiz named as defendants: the Federal Bureau of Prisons ("BOP") and BOP Director Harley G. Lappin; Cornell Companies, Inc. ("Cornell"), the private company that owns and operates Moshannon Valley; Moshannon Valley; Warden Cameron Lindsay; Associate Warden Buckles; Administrative Director M. Dawson; and Dr. Sontheiter.

The matter was referred to a Magistrate Judge who found that the complaint failed to allege sufficient facts to state an Eighth Amendment claim, see 28 U.S.C. §

---

[1] Although Ruiz sought relief under 42 U.S.C. § 1983 as well as Bivens, his suit is properly construed as an action under Bivens, not § 1983, because it is against federal (and alleged federal) actors, not state actors. See Bivens, 403 U.S. at 389 (recognizing a private cause of action to recover damages against federal actors for constitutional violations).

1915(e)(2)(B), but advised Ruiz that he was permitted to amend his complaint to correct the defects. Ruiz then filed an amended complaint in which he explained that he was suffering from a boil in his anus, hemorrhoids, pain in his legs, a stomach ache, and an "extra collar bone towards the neck." (Am. Compl., Dist. Ct. Dkt # 8, ¶ 35.) He also stated that he excreted blood during bowel movements. According to Ruiz, he was seen by a doctor at some point, but his complaints were ignored, his treatment delayed, and his care inadequate.

After reviewing the amended complaint, the Magistrate Judge determined that Ruiz had succeeded in stating an Eighth Amendment claim against Dr. Sontheiter insofar as he alleged that the doctor refused to take any action to treat Ruiz's passing of blood during bowel movements, but had not stated any other claims against any other defendants. The Magistrate Judge directed Ruiz to provide copies of his amended complaint and instructions for service upon Dr. Sontheiter.

Instead of complying with the Magistrate Judge's instructions to serve the amended complaint, Ruiz filed a number of evidentiary documents concerning his Eighth Amendment claims—primarily medical records and grievance reports.[2] The Magistrate Judge reviewed the documents and determined that they "dispel[led] any claim that Dr. Sontheiter or anyone else was deliberately indifferent to Ruiz'[s] medical needs." (R &

---

[2] The proceedings were stayed for several months while Ruiz was housed in Moshannon Valley's special housing unit where he was precluded from using the law library. Ruiz was eventually transferred to a facility in Georgia and regained access to his legal materials.

R, Dist. Ct. Dkt. #25, at p. 1.) Accordingly, he recommended that Ruiz's Eighth Amendment claim be dismissed. He noted, however, that Ruiz might be able to state a negligence claim pursuant to the District Court's diversity jurisdiction "[b]ecause [he] is now in another state," and allowed him another opportunity to amend. (Id. at p. 3.)

Ruiz filed objections to the Magistrate Judge's Report and Recommendation as well as a second amended complaint. Although his first amended complaint focused on the inadequate treatment he received for problems with his anus and bowel movements, his second amended complaint alleged that Dr. Sontheiter failed to adequately treat the back pain he suffers as a result of "congenital degeneration due to his poliomyelitis." (2d Am. Compl., Dist. Ct. Dkt. # 26, at ¶ 11.) He also added a claim that he was transferred to the facility in Georgia in retaliation for filing grievances concerning his medical treatment and for filing the complaint in this case.

The District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the complaints in their entirety, apparently pursuant to 28 U.S.C. § 1915(e)(2)(B), on the ground that "[t]he complaint, as repeatedly amended, fails to allege either negligence or deliberate indifference on the part of any defendant." (Mem. Order, Dist. Ct. Dkt # 28, at p. 1.) Ruiz timely appealed from the District Court's order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a district court's dismissal of a complaint for failure to state a claim is plenary, requiring

4

us to draw all reasonable inferences in plaintiff's favor. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Ruiz's sole argument on appeal is that the District Court erred in dismissing his Eighth Amendment claim.[3] We have reviewed the record and conclude that dismissal was proper, although for different reasons than those stated by the District Court. See United States v. Sanchez, 562 F.3d 275, 279 (3d Cir. 2009) ("An appellate court may affirm a result reached by the District Court on different reasons, as long as the record supports the judgment.") First, Ruiz may not bring a Bivens claim against the BOP. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71 (2001) (explaining that Bivens claims may be brought only against individual federal officers, not the United States or the BOP). Moreover, no action lies under Bivens against Moshannon Valley or Cornell, the private corporation that owns and operates it. See id. at 63. Ruiz also failed to state a claim against the individual defendants who were employed by Cornell, as the Supreme Court recently held that a Bivens claim is not cognizable against employees of a private prison under these circumstances. See Minneci v. Pollard, ___ U.S. ___, 132 S. Ct. 617,

_____

[3] As noted above, Ruiz attempted to raise a retaliation claim in his second amended complaint. It appears, however, that the Magistrate Judge and District Court overlooked this claim when they dismissed the case on the ground that the complaints failed to state an Eighth Amendment claim. That said, Ruiz does not challenge the District Court's error on appeal—in fact, he does not mention the retaliation claim at all. While we construe the submissions of a pro se appellant liberally, we must conclude that Ruiz intended to abandon this claim. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). Similarly, we note that, to the extent that Ruiz was given an opportunity to state a negligence claim against Dr. Sontheiter, he never did so and does not argue otherwise now.

626 (2012) (refusing to imply the existence of a <u>Bivens</u> action where "a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here)"). Finally, while Ruiz's claim against BOP Director Lappin could have proceeded if properly pled, he did not allege in any of his complaints that Director Lappin had any personal involvement in the denial of his medical care, and a <u>Bivens</u> claim cannot be premised upon a theory of respondeat superior. <u>See</u> <u>Ashcroft v. Iqbal</u>, -- U.S. ---, 129 S. Ct. 1937, 1948-49 (2009); <u>Argueta v. U.S. Immigration & Customs Enforcement</u>, 643 F.3d 60, 71-72 (3d Cir. 2011).

**III.**

For these reasons, we will affirm.

6