GLD-278                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2360
_____

UNITED STATES OF AMERICA

v.

KWAME THOMAS,
                                   Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cr-000783-001)
District Judge:  Honorable John R. Padova
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 7, 2012

Before:  FUENTES, GREENAWAY, JR., AND BARRY, Circuit Judges

(Opinion filed: September 13, 2012)
_____

OPINION
_____

PER CURIAM

      Pro se appellant Kwame Thomas appeals the District Court's order denying his

request, in the form of a "Motion Pursuant to U.S.S.G. § 5G1.3(b)(c)," to adjust his

present federal sentence for time served in state custody.  Because this appeal presents no

substantial question, we will summarily affirm the District Court's judgment pursuant to 3d Cir. LAR 27.4 and I.O.P. 10.6.

## I.

After a jury trial, Thomas was convicted in the District Court on robbery charges. In August 2011, the District Court sentenced Thomas to 135 months' imprisonment and 5 years' supervised release, and Thomas appealed. See C.A. 11-3240. On February 27, 2012, during the pendency of that appeal, Thomas filed the motion to adjust his sentence whose dismissal is the subject of the instant appeal. The next day, he filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. On March 5, 2012, the District Court dismissed the Section 2255 motion without prejudice to his refiling it after the judgment of conviction becomes final. On May 2, 2012, the District Court denied Thomas's motion to adjust his sentence, and he now timely appeals. In the meantime, on June 29, 2012, we affirmed the District Court's original judgment of sentence, and Thomas has moved the District Court for the refiling of his Section 2255 motion.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's determination that a defendant is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c). See United States v. Sanchez, 562 F.3d 275, 277 & n.4 (3d Cir. 2009). We may summarily affirm if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6.

## III.

Thomas claims that he is experiencing "an unfair calculation in his term of imprisonment," because the Bureau of Prisons ("B.O.P.") has failed to adjust his sentence to reflect the nine months served in state custody "on the same charges that prompted the federal indictment and sentence" and "when there was no other term of imprisonment that this jail credit was accredited." The "Sentence Monitoring Computation Data" he submitted to the District Court does show a gap of nine months, from April 4, 2010, to January 2, 2011, for which he does not receive "jail credit." Thomas asserts that he "should have received credit for everyday served for this instant offense. . . . to reflect all time served." Thomas further asserts, "I was arrested by State Authorities on March 30, 2010 and remained in state custody even when the state dropped the charges and the federal authorities adopted the case. There was no other charges to credit any time to except the federal conviction."

To the extent that Thomas is challenging the sentence that was imposed, we agree with the District Court that he is not entitled to a sentence reduction through his "Motion Pursuant to U.S.S.G. § 5G1.3(b)(c)." As the District Court explained, only in certain limited circumstances may a court "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may so modify, for instance, upon motion of the Director of the B.O.P. for "extraordinary and compelling reasons" or where "the defendant is at least 70 years of age, [and] has served at least 30 years in prison," 18 U.S.C. § 3582(c)(1)(A), or to correct an "arithmetical, technical, or other clear error," 18

U.S.C. § 3582(c)(1)(B), or where the defendant's sentencing range has "subsequently been lowered," 18 U.S.C. § 3582(c)(2). None of these circumstances applies here.[1]

To the extent that Thomas is attempting to challenge the B.O.P.'s *execution* of his sentence, the proper avenue of relief is a habeas corpus petition filed under 28 U.S.C. § 2241. See, e.g., Burkey v. Marberry, 556 F.3d 142, 146–47 (3d Cir. 2009). We express no opinion on the likely success of any such petition.

IV.

Thus finding no substantial question raised by this appeal, we will summarily affirm the judgment of the District Court.

---

[1] Needless to say, we express no opinion on the Section 2255 motion pending in the District Court.