**UNITED STATES of America**

v.

**Luis Humberto BARBOSA, Appellant.**

**No. 08–4543.**

United States Court of Appeals, Third Circuit.

*Submitted for Possible Summary Action*

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 17, 2009.

Opinion filed Oct. 08, 2009.

Judy G. Smith, Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff–Appellee.

Luis Humberto Barbosa, Fort Dix, NJ, pro se.

Before: RENDELL, HARDIMAN and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Luis Humberto Barbosa, a federal prisoner proceeding pro se, appeals the District Court's denial of his (1) 18 U.S.C. § 3582(c)(2) motion for a reduced sentence, (2) request for an extension of the time to reply to the Government's opposition to that motion, and (3) motion for the production of certain documents. For the reasons that follow, we will summarily affirm.

## I.

In July 1998, the Drug Enforcement Administration ("DEA") arrested Barbosa for importing 882 grams of what both the DEA and Barbosa believed to be heroin. A DEA lab test later revealed, however, that the substance was actually a form of cocaine base—a form different from crack. In January 1999, an Eastern District of Pennsylvania jury convicted Barbosa of possession with intent to distribute more than 50 grams of a controlled substance.[1] Because Barbosa had a prior felony drug conviction, the court sentenced him to 20

---

1. The trial court did not submit to the jury the issue of which substance Barbosa intended to distribute. On direct appeal, we held that the trial court's failure to do so constituted error but that this error was harmless. *United States v. Barbosa*, 271 F.3d 438, 461 (3d Cir. 2001).

years' imprisonment, the mandatory minimum sentence for possession with intent to distribute more than 50 grams of cocaine base. *See* 21 U.S.C. § 841(b)(1)(A).

On direct appeal, Barbosa argued, inter alia, that the 20-year mandatory minimum did not apply to him because "cocaine base," as referred to in § 841(b)(1)(A), meant only crack, not other forms of cocaine. We rejected that argument and affirmed the District Court's judgment. *See United States v. Barbosa*, 271 F.3d 438, 461–67 (3d Cir.2001). In December 2003, Barbosa moved to vacate his sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion and we declined to issue a certificate of appealability. We subsequently denied Barbosa's request for leave to file another § 2255 motion.

In September 2008, Barbosa moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and to strike "the illegal portion of his sentence." In support of this motion, he argued that Amendments 706 and 711 to the Sentencing Guidelines warranted a reduction in his sentence.[2] Moreover, he seemed to reassert his claim that the sentencing court had erred in sentencing him to 20 years' imprisonment. Finally, he claimed that, pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "the [sentencing] court is required to afford [him] ... benefits and considerations which were not available at the time of [his] original sentencing." On the same day he filed his § 3582(c)(2) motion, he also reiterated a request for the production of documents pursuant to Fed.R.Crim.P. 16, a request that the court apparently had denied without prejudice in 2001. After the Government responded to Barbosa's § 3582(c)(2) motion—the Government did not respond to the discovery motion—he moved for an extension of the time to file a reply.

A few days later, the District Court ruled on the pending motions. First, the court denied the § 3582(c)(2) motion, holding that this provision did not apply to him because he was sentenced pursuant to a statutory mandatory minimum, not the Sentencing Guidelines. Second, the court denied his discovery motion. In doing so, the court stated that the proceedings were well past the trial stage and that there were not any pending petitions or other civil proceedings to which this request related. Finally, the court dismissed his motion for an extension of time to file a reply as moot. Barbosa now appeals the District Court's judgment.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's determination that a defendant is ineligible for a sentence reduction under § 3582(c). *See United States v. Sanchez*, 562 F.3d 275, 277 & n. 4 (3d Cir.2009). We review a district court's denial of a discovery motion, as well as matters concerning a district court's control of its docket, for abuse of discretion. *Lloyd v. Hovensa*, 369 F.3d 263, 274 (3d Cir.2004) (discussing review of district court's denial of a discovery motion); *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir.1982) (discussing review of district court's control of its docket).

■ The District Court did not err in denying Barbosa's motion to reduce his sentence. Although Barbosa argues that he is entitled to such a reduction based on amendments to the Guidelines' treatment

---

**2.** Amendment 706 reduced by two levels the base offense levels for certain crack offenses. *United States v. Wise*, 515 F.3d 207, 219 (3d Cir.2008). Amendment 711 modified Amendment 706 in ways not relevant to this appeal.

of crack offenses, these amendments do not apply to him because his case does not involve a crack offense. Even if crack were the drug at issue here, he would still be ineligible for a sentence reduction because he was sentenced pursuant to a statutory mandatory minimum, not a guideline modified by the amendments at issue. *See* U.S.S.G. § 1B1.10 cmt. n. 1(A) (stating that a sentence reduction pursuant to § 3582(c)(2) is not authorized if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"); *United States v. Doe,* 564 F.3d 305, 315 (3d Cir.2009) (holding that amendment to Guidelines did not render defendant, who was subject to a statutory mandatory minimum sentence of life imprisonment, eligible for a sentence reduction under § 3582(c)(2)).

Barbosa's invocation of *Booker* is misplaced as well, for *Booker* does not give the sentencing court an independent basis upon which to reduce his sentence. *See United States v. Mateo,* 560 F.3d 152, 155 (3d Cir.2009) (stating that "this Court has rejected the argument that *Booker* provides a basis for reduction of sentence not otherwise allowable under § 3582(c)"). Moreover, to the extent his motion sought to reiterate an attack on his sentence, such an attack is outside the scope of a § 3582(c)(2) motion. To properly present such a claim, Barbosa would need to request and obtain leave from this Court to file a second or successive 28 U.S.C. § 2255 motion. Finally, because Barbosa's motion clearly lacked merit, the District Court did not abuse its discretion when it denied his request for an extension of time to file a reply brief. *See In re Fine Paper Antitrust Litig.,* 685 F.2d at 817 (stating that this Court "will not interfere with a trial court's control of its docket except upon the clearest showing that the proce-dures have resulted in actual and substantial prejudice to the complaining litigant" (internal quotations and citation omitted)).

■ The District Court also did not err in denying Barbosa's Fed.R.Crim.P. 16 discovery motion. Rule 16 provides that, upon a defendant's request, the Government must allow him to copy or photograph documents and other materials in the Government's possession, so long as "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed.R.Crim.P. 16(a)(1)(E). In this case, Barbosa seeks the production of "certified records" from the State of Florida, the State of New York, the former Immigration and Naturalization Services, the FBI, and the DEA that relate to a third party. Barbosa indicates that he made this request once before, in 2001, which the trial court ultimately denied.

As a preliminary matter, it is not clear whether Barbosa ever made a second request to the Government to inspect these materials. Even if Barbosa did renew his request, the Government was not required to produce these documents because none of the three above-noted conditions mandating production is present. Indeed, Barbosa's trial has long since ended, and no direct or collateral challenges to his conviction are pending. That his § 3582(c)(2) motion is pending is of no consequence here, as the requested documents do not bear on whether amendments to the Guidelines warrant a reduction in his sentence.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. *See* 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

Barbosa's motion for appointment of counsel is denied.