**UNITED STATES of America**

v.

**James LEATH, Appellant.**

**No. 09–1134.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 10, 2010.

Filed: March 12, 2010.

---

Jennifer Chun, Esq., Bernadette A. McKeon, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Sarah S. Gannett, Esq., Defender Association of Philadelphia, Philadelphia, PA, Felicia Sarner, Esq., Defender Association of Philadelphia, Philadelphia, PA, for Appellant.

Before: SLOVITER, ROTH, and TASHIMA,* Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

James Leath, convicted by a jury in 1994 of conspiracy to distribute more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 846, was sentenced to life imprisonment. In 2008, Leath filed a motion to modify his sentence based on Sentencing Guidelines Amendment 706 (effective November 1, 2007), which retroactively lowered base offense levels for certain crack cocaine offenses. Leath appeals the District Court's denial of that motion.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo Leath's eligibility for a reduction of sentence. *See United States v. Sanchez,* 562 F.3d 275, 277–278 (3d Cir.2009).

Leath's counsel filed an *Anders* brief and Leath, as permitted in *Anders* cases, filed a pro se brief. Under *Anders v. California,* if, after review of the district court record and a conscientious investigation, counsel is convinced the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record

that might arguably support the appeal. 386 U.S. 738, 741–42, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellate counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and "explain why the issues are frivolous." *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000). "The Court's inquiry when counsel submits an *Anders* brief is thus twofold [to determine]: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements[,] and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001).

At Leath's February 25, 1994 sentencing hearing, the District Court found Leath responsible for distributing "more than" 84 kilograms of crack cocaine, resulting in a base offense level of 42 under then-applicable Sentencing Guidelines. App. at 7. The District Court then applied a nine-level enhancement: "one level for drug trafficking activity near a school, two levels for possession of a gun during drug trafficking activity, two levels for threatening to kill the mother of a witness against him, and four levels for his role in the offense," for a total offense level of 51 and criminal history category of IV. App. at 7. The District Court sentenced Leath to life imprisonment under the Guidelines.

In 1996, Leath moved for a reduction of sentence based on Sentencing Guidelines Amendment 505. Although Amendment 505 reduced Leath's base offense level from 42 to 38 under § 2D1.1(c)(1), the nine-level enhancement yielded a total offense level of 47, resulting in a Guidelines sentence of life imprisonment. The District Court denied the motion.

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

In 2007, to address sentencing disparities between offenses for powder cocaine and crack cocaine, Sentencing Guidelines Amendment 706 reduced by two levels the base offense levels for certain crack cocaine offenses. *See* U.S.S.G. § 2D1.1(c), App. C, Amend. 706 (2007). Based on this amendment, Leath sought modification of his sentence under 18 U.S.C. § 3582(c)(2), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that ... *in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28[§ ] U.S.C. 994(*o* ), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). The District Court denied relief because Leath's offense involved 84 kilograms of crack cocaine, a quantity unaffected by Amendment 706. The District Court held that Leath's term of imprisonment was not based on a sentencing range lowered by the Sentencing Commission.

Although Leath's counsel recognizes that Leath is ineligible for relief under 18 U.S.C. § 3582(c)(2), he has nonetheless made the admirable effort to consider every possible approach. First, counsel argues that "sentencing range," as used in § 3582(c)(2), refers "not to the span of months prescribed for any single defendant, but rather to the spectrum of ranges yielded by application of a guideline to all defendants." Appellant's Br. at 15. However, counsel correctly notes that this interpretation is foreclosed by the definition of "Guideline Range" in Sentencing Guidelines. *See* U.S.S.G. Ch. 5, Pt. A, Commentary n. 1. Second, counsel argues that "district courts need not defer to the Commission's identification of the 4.5–kilogram limit." Appellant's Br. at 17. However, counsel concedes this position is not supported by authority. Third, counsel argues that "the Commission's adoption of the 4.5–kilogram limitation is arbitrary and thus violates the Commission's enabling legislation." Appellant's Br. at 18–19. However, counsel concedes that § 3582(c)(2) is not the vehicle to challenge the Commission's sentencing determinations. Fourth, counsel argues that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the District Court's drug quantity finding of 84 kilograms should have been decided by the jury. However, counsel concedes that if *Apprendi* and its progeny are declared retroactive by the Supreme Court, then "it would be necessary for Mr. Leath to seek relief via motion under 28 U.S.C. § 2255 and/or any other appropriate mechanism." Appellant's Br. at 22.

Although we commend the Federal Defender's Office for its efforts and creativity, Leath is not entitled to relief for the reasons stated by his counsel. We will accept the *Anders* brief, grant counsel's motion to withdraw, deny Leath's motion for appointment of new counsel, and affirm the District Court's order.