**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2102
_____

UNITED STATES OF AMERICA

v.

CARL L. STEWART,
                                            Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 2-89-cr-00122-001
District Judge: The Honorable William L. Standish
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 28, 2011

Before: McKee, *Chief Judge*, and SMITH, *Circuit Judges*
and STEARNS, *District Judge*[*]

(Filed: February 2, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge*.

    In December of 1989, Carl L. Stewart pleaded guilty to a drug conspiracy in

violation of 21 U.S.C. § 846, as well as six other drug and firearm offenses.  At

_____

[*]  The Honorable Richard G. Stearns, United States District Judge for the United States
District Court of Massachusetts, sitting by designation.

sentencing, the United States District Court for the Western District of Pennsylvania found that Stewart was a career offender under U.S.S.G. § 4B1.1. As a result, his offense level and criminal history category were enhanced, yielding a sentencing guideline range of 292 to 365 months. The District Court imposed a sentence of 328 months. Stewart unsuccessfully challenged the District Court's career offender finding on direct appeal. In a § 2255 petition, Stewart asserted that he was entitled to relief in accordance with the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This petition was also unsuccessful.

Thereafter, the United States Sentencing Commission amended the Sentencing Guidelines by revising part of the drug quantity table. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). Amendment 706 generally reduced the base offense levels for crack cocaine offenses by two levels. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). In 2008, the Sentencing Commission declared Amendment 706 to be retroactively applicable. U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008). Based on Amendment 706, Stewart filed a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2).[1] The District Court denied the motion, as the amendment did not change Stewart's sentencing range. The District Court explained that Stewarts's guideline range was the

---

[1] Section 3582(c)(2) provides, in relevant part, that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

2

result of his status as a career offender, not the quantity of the crack cocaine attributable to him. This timely appeal followed.[2]

Before us, Stewart's counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we explained that an *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." Our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous"). If review fails to reveal any nonfrivolous issues, the court "may grant counsel's request to withdraw and dismiss the appeal." *Anders*, 386 U.S. at 744.

We conclude that counsel has fulfilled his obligation under *Anders*.[3] He ably set forth the relevant factual and procedural history of the case and correctly explained why challenging the District Court's denial of Stewart's § 3582(c)(2) motion is the only possible issue for appeal. As counsel pointed out, Stewart's challenge to the District

---

[2] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291. We review a District Court's denial of a motion for relief under § 3582(c)(2) for an abuse of discretion. *United States v. Sanchez*, 562 F.3d 275, 277 n.4 (3d Cir. 2010).

[3] Counsel appropriately served the *Anders* brief and the motion to withdraw upon Stewart. *See* 3d Cir. L.A.R. 109.2(a). The Clerk advised Stewart that he was permitted to file a *pro se* brief. Stewart did not submit any document to the Clerk.

Court's denial of his motion lacks merit in light of his career offender status and our conclusion in *Mateo* that "Amendment 706 simply provides no benefit to career offenders." 560 F.3d at 155 (internal quotation marks and citation omitted). Furthermore, our independent review of the sentencing transcript confirms that, unlike the defendant in *United States v. Flemming*, 617 F.3d 252, 259-60 (3d Cir. 2010), Stewart did not receive a downward departure under U.S.S.G. § 4A1.3 from his career offender guideline range, which would make him eligible for a sentence reduction under § 3582(c)(2). Accordingly, we agree with counsel that there are no nonfrivolous issues to raise on appeal. For that reason, we will affirm the order of the District Court denying Stewart's § 3582(c)(2) motion for reduction of sentence and grant counsel's motion to withdraw. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).