GLD-120                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4053
_____

UNITED STATES OF AMERICA

v.

TROY LAMONT ROGERS, a/k/a Smoke,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:95-cr-00454-001)
District Judge:  Honorable Stewart Dalzell
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 7, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: February 13, 2013)
_____

OPINION
_____

PER CURIAM

        Troy Lamont Rogers, an inmate currently incarcerated at FCI Terminal Island in

San Pedro, California and proceeding pro se, appeals from an order of the United States

District Court for the Eastern District of Pennsylvania denying his motion for a sentence

reduction pursuant to 18 U.S.C. § 3582(c)(2). Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

## I.

In 1996, following a jury trial, Rogers was found guilty of one count of distribution of cocaine base and one count of distribution of cocaine base within 1,000 feet of a school. The Probation Office prepared a Presentence Investigation Report ("PSR") and calculated Rogers' initial base offense level under the Guidelines at 28 and his criminal history level at VI. Rogers received a two-level adjustment for the school zone count, a two-level adjustment for his role in the offense, and a two-level adjustment for obstruction of justice, resulting in an adjusted offense level of 34. However, he was classified as a career offender because of his two prior felony drug convictions, see U.S.S.G. § 4B1.1, and his offense level under those Guidelines was also 34.[1] With a career offender offense level of 34 and a criminal history category of VI, Rogers' Guidelines range called for 262 to 327 months' imprisonment, and the District Court subsequently sentenced him to 276 months.

---

[1] At sentencing, the Government argued that Rogers' offense level under the Guidelines was 37 because of an information that had been filed pursuant to 21 U.S.C. § 851. However, Judge Giles determined that the career offender offense level was 34 based upon an application note in effect at that time stating that sentencing enhancements should not be taken into consideration.

We affirmed on direct appeal. United States v. Rogers, 111 F.3d 128 (3d Cir. 1997). In 1998, Rogers filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court denied his motion, and we declined to issue a certificate of appealability. See United States v. Rogers, No. 98-2028 (3d Cir. May 16, 2000).

In February 2012, Rogers filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that Amendment 750 retroactively applies to lower his Guidelines range to a base offense level of 28 with a sentencing range of 140 to 175 months' imprisonment. On September 27, 2012, the District Court denied Rogers' motion, noting that under our decision in United States v. Mateo, 560 F.3d 152 (3d Cir. 2009), Rogers was ineligible for relief because Amendment 750 had no effect on the application of the career offender Guidelines. Rogers timely filed this appeal.

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's interpretation of the Guidelines is de novo, United States v. Sanchez, 562 f.3d 275, 277-78 (3d Cir. 2009), and we review a district court's ultimate disposition of a § 3582(c)(2) motion for abuse of discretion, Mateo, 560 F.3d at 154 & n.2.

## III.

A district court may reduce a defendant's sentence under § 3582 "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering

3

the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). However, a district court's authority to reduce sentences based upon amended Guidelines ranges is limited by U.S.S.G. § 1B1.10, which provides, in pertinent part, that a reduction is not authorized under § 3582(c)(2) if the "amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 750, which took effect on November 1, 2011, lowered the base offense levels for crack cocaine quantities listed in U.S.S.G. § 2D1.1(c) to conform to the Fair Sentencing Act of 2010. See United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012). In Mateo, we held that career offenders sentenced under U.S.S.G. § 4B1.1 are ineligible for § 3582(c)(2) relief in light of Amendment 706, which, like Amendment 750, lowered the base offense levels for certain quantities of crack cocaine under U.S.S.G. § 2D1.1(c). Mateo, 560 F.3d at 154-55. This is because "Amendment 706 only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender level required by § 4B1.1." Id. at 155.

Here, Judge Giles explicitly referred to Rogers as a career offender and sentenced him based upon the career offender offense level of 34; therefore, Amendment 750 does not affect Rogers' applicable sentencing range. See United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (holding that Amendment 750 did not lower sentencing

4

range for defendant whose "offense level and guideline range . . . were based on § 4B1.1, not § 2D1.1, because he was a career offender"). Accordingly, Rogers is not eligible for a reduction in his sentence pursuant to Amendment 750, and we conclude that the District Court did not err in denying his § 3582(c)(2) motion.

We also reject Rogers' reliance on United States v. Flemming, 617 F.3d 252 (3d Cir. 2010). In Flemming, we held that a career offender who received a § 4A1.3 downward departure[2] under a pre-2003 edition of the Sentencing Guidelines was eligible for a sentence reduction pursuant to § 3582(c)(2). Id. at 272. While Rogers was sentenced under a pre-2003 edition of the Guidelines, it is clear that he did not receive a downward departure pursuant to U.S.S.G. § 4A.1.3. Accordingly, Rogers' reliance on Flemming is misplaced.

IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6. Rogers has filed a motion for an extension of time to allow him to acquire a transcript of his sentencing. We deny that motion as moot, as the Government has submitted a transcript of Rogers' sentencing in response to our request.

---

[2] U.S.S.G. § 4A1.3(b) authorizes a downward departure if the "criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."