NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2470
_____

UNITED STATES OF AMERICA

v.

PAUL SURINE,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 4-07-cr-00304-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 16, 2013

Before: JORDAN, VANASKIE, and VAN ANTWERPEN, *Circuit Judges*

(Filed: February 19, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

In 2008, Paul Surine ("Surine") pleaded guilty to one count of conspiracy to

distribute and possess with intent to distribute 50 or more grams of cocaine base in

violation of 21 U.S.C. § 846. The United States District Court for the Middle District of

Pennsylvania sentenced him to 360 months' imprisonment to be followed by a five-year

term of supervised release. In August 2012, Surine filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in sentence based on the Fair Sentencing Act of 2010, which was denied by the District Court.[1] We appointed counsel who subsequently moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. For the reasons that follow, we will affirm the order of the District Court and grant the motion to withdraw.

## I.

Between 2005 and 2007, Paul Surine oversaw the sale of a large quantity of crack cocaine from his residence in Tioga County, Pennsylvania. He enlisted several associates and even his children in this endeavor, and during this time protected himself and his business through the illegal possession and use of firearms. After his arrest on February 1, 2007, he was indicted by a federal grand jury for conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, distribution of and possession with intent to distribute 50 grams or more of cocaine base, and possession of a firearm in furtherance of a drug trafficking offense.

On May 30, 2008, Surine pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base. The Presentence Report ("PSR") calculated a base offense level of 38 due to its assessment that Surine had conspired to distribute more than 4.5 kilograms of cocaine base. After a 2-level increase for the specific offense characteristic of possession of a firearm, a 4-level increase for

---

[1] This case was initially before the Honorable James F. McClure, who died in 2010. Upon Surine's filing of the motion in 2012, the case was reassigned to the Honorable Matthew W. Brann.

Surine's role as a leader in the conspiracy, and a 3-level decrease for timely acceptance of responsibility, the PSR calculated a total offense level of 41. Because Surine had a criminal history category of III, the Guideline range was 360 months to life.

Surine objected to the PSR's assessments regarding the amount of cocaine base distributed, his role in the organization, and his possession of a firearm. On June 11 and June 22, 2009, the District Court conducted an evidentiary hearing. Based on the testimony of several witnesses, the District Court concluded that Surine was "responsible for, at most, 3.5 kilograms of cocaine [base,]" (App. 246), but affirmed the PSR's other recommendations. This resulted in a new base offense level of 36, a new total offense level of 39, and a Guideline range of 324 to 405 months' imprisonment. On August 5, 2009, the District Court held a sentencing hearing, at which it considered several sentencing factors under 18 U.S.C. § 3553(a) and then imposed a sentence of 360 months' incarceration to be followed by 5 years of supervised release. Surine was denied relief on direct appeal. *United States v. Surine*, 375 F. App'x 164, 166 (3d Cir. 2010).

In August 2012, Surine filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in sentence based on the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010). Pursuant to that legislation, U.S.S.G. § 2D1.1(c)(3) now provides for a base offense level of 34 for distribution of between 840 grams and 2.8 kilograms of cocaine base.[2] Because the sentencing court concluded that Surine was "responsible for, at most, 3.5 kilograms[,]" (App. 246), Surine argues that this leaves open the possibility

_____

[2] The base offense level for distribution of more than 2.8 kilograms but less than 8.4 kilograms of cocaine base remains 36, which is consistent with Surine's current sentence. *See* U.S.S.G. § 2D1.1(c)(2).

3

that he might have distributed less than 2.8 kilograms, and that he is therefore entitled to a 2-level reduction and a new Guideline range of 262 to 327 months.

On May 7, 2013, after the issue was briefed with the assistance of counsel, the District Court denied the motion. Based on testimony from the June 2009 evidentiary hearing, the District Court concluded that the Government had established by a preponderance of the evidence that Surine's offense in fact involved more than 2.8 kilograms of cocaine base. Surine was therefore ineligible for a reduction in sentence under the amended Guidelines. The District Court also noted the specific aggravating factors that had caused the sentencing court to impose a term of imprisonment in the middle of the Guideline range rather than one at the bottom. For instance, the record reflects that Surine's operation had distributed cocaine base to "at least 100 to 200 individuals"; that it involved "extensive trading in firearms"; and that Surine had "brought his children into it, got them addicted to crack cocaine and then had them participate in the conspiracy[.]" (App. 265.) The record also includes Surine's lengthy and violent criminal history. (App. 266.) Thus, because the factors listed in 18 U.S.C. § 3553(a) militated against leniency in Surine's case, the District Court concluded that it would not grant sentencing relief to Surine even if he were technically eligible.

## II.

The District Court had jurisdiction over this case under 18 U.S.C. §§ 3582(c)(2) and 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Counsel may seek to withdraw from representation if, "after a conscientious examination" of the record, *Anders*, 386 U.S. at 744, he or she is "persuaded that the

4

appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). If we concur with this assessment, we "will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id*.

When presented with an *Anders* brief, our inquiry is two-fold: "(1) whether counsel adequately fulfilled [Third Circuit L.A.R. 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). The *Anders* brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and also "explain why the issues are frivolous." *Id.* While "[c]ounsel need not raise and reject every possible claim[,] . . . at a minimum, he or she must meet the 'conscientious examination' standard." *Id.* If we find that "the *Anders* brief initially appears adequate on its face," in the second step of our analysis we will "confine our scrutiny to those portions of the record identified by . . . [the] *Anders* brief," as well as "those issues raised in Appellant's *pro se* brief." *Id.* at 301.

Counsel here identifies one potentially appealable issue, which is the same issue pressed by Surine, *i.e.*, whether the District Court erred in denying Surine's motion for a sentence reduction. Both Surine's counsel and the Government argue that this issue is frivolous. Our independent review of the record confirms that there are no non-frivolous issues for appeal.

III.

Surine argues that the District Court erred in denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have previously explained the District Court's obligations with respect to a motion under that statutory provision:

> [A] district court [is authorized] to reduce a sentence already imposed where two requirements are satisfied: (1) the defendant's initial sentence must have been "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) the sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." [18 U.S.C. § 3582(c)(2)]; *United States v. Doe*, 564 F.3d 305, 309 (3d Cir. 2009). If these two requirements are satisfied, a court may then exercise its discretion—"after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," 18 U.S.C. § 3582(c)(2), as well as the factors contained in the commentary to the Commission's policy statements, U.S.S.G. § 1B1.10, cmt. n.1(B)—to determine whether a reduction in sentence is warranted (as well as the extent of any such reduction).

*United States v. Flemming*, 617 F.3d 252, 257 (3d Cir. 2010). Where the denial of relief under § 3582(c)(2) involves a legal question concerning eligibility, we apply *de novo* review. *United States v. Sanchez*, 562 F.3d 275, 277 (3d Cir. 2009). "By contrast, when the district court determines that a defendant is eligible for relief but declines to reduce his sentence, our review is for an abuse of discretion." *United States v. Weatherspoon*, 696 F.3d 416, 420 (3d Cir. 2012) (citing *Sanchez*, 562 F.3d at 277 n.4).

To satisfy the first requirement for resentencing, Surine must establish that he was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), which here would mean a showing that his conduct involved distribution of less than 2.8 kilograms of cocaine base. At

6

sentencing, the Government bears the burden of proving drug quantities by a preponderance of the evidence. *United States v. Self*, 681 F.3d 190, 201 (3d Cir. 2012). Where, as here, there is no drug seizure, the Guidelines counsel the court to "approximate the quantity of the controlled substance" based on a number of factors, including "the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved." U.S.S.G. § 2D1.1, cmt. n.5.

Here the District Court relied on a detailed record developed at the June 2009 evidentiary hearing. Based on that record, the District Court reached the conservative estimate that Surine was "responsible for, at most, 3.5 kilograms of cocaine." (App. 246.) In fact the primary dispute at the hearing was not whether Surine was responsible for distributing less than that amount; it was whether Surine was responsible for distributing considerably more. (App. 243–46 (detailing witness testimony that Surine distributed "most of" 4.7 kilograms of cocaine base and may have distributed up to 7.14 kilograms).)

We review the District Court's findings of fact concerning the quantity of drugs involved for clear error. *United States v. Paulino*, 996 F.2d 1541, 1545 (3d Cir. 1993). Based on this record, the District Court did not clearly err in its finding that Surine was responsible for the distribution of more than 2.8 kilograms of cocaine base. We agree that Surine is ineligible for resentencing on this basis.

The District Court found in the alternative that Surine was not entitled to resentencing because the factors listed in 18 U.S.C. § 3553(a) militated against leniency

7

in his case. We need not restate the ample grounds for the District Court's decision in this regard. We conclude that the District Court did not abuse its discretion in denying relief to Surine under 18 U.S.C. § 3582(c)(2).

IV.

In conclusion, we find that counsel's *Anders* brief reflects a conscientious examination of the record. Our independent review of the submissions, including Surine's brief and the Government's response to it, confirms that there are no non-frivolous grounds for appeal. We will affirm the District Court's order of May 7, 2013, and grant counsel's motion to withdraw.