**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2533
_____

UNITED STATES OF AMERICA

v.

JOSEPH MEEHAN,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2:11-cr-00440-001)
District Judge:  Joel H. Slomsky

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2020

Before:  AMBRO, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: January 17, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Joseph Meehan appeals pro se appeals from an order of the United States District Court for the Eastern District of Pennsylvania denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B). We will affirm.

In 2011, a jury found Meehan guilty of two counts of Hobbs Act robbery, 18 U.S.C. § 1951(a); one count of attempted carjacking, 18 U.S.C. § 2119; one count of witness tampering, 18 U.S.C. § 1512(b)(3); one count of possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1); three counts of using and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1) and (2); and one count of possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(e). On December 21, 2016, Meehan was sentenced to a total of 835 months of imprisonment. Of that total, Meehan's first § 924(c) offense resulted in a mandatory consecutive sentence of 84 months of imprisonment; for the additional § 924(c) convictions, he was sentenced to two consecutive terms of 300 months (25 years). The 300-month sentences resulted from language in § 924(c)(1), which required a minimum 25-year sentence for a second or subsequent § 924(c) conviction, § 924(c)(1)(C)(i), and which directed that all § 924(c) sentences be imposed consecutive to any other sentence, § 924(c)(1)(D)(ii). This Court affirmed. See United States v. Meehan, 741 F. App'x 864, 875 (3d Cir. 2018) (not precedential).

2

In December 2018, Meehan filed a motion under 18 U.S.C. § 3582(c)(1)(B) to reduce his sentence. He relied on § 403(a) of First Step Act of 2018, which amended § 924(c)(1)(C) to apply only after a "prior conviction under this subsection has become final." Pub. L. No. 115-391, § 403(a); see also United States v. Davis, 139 S. Ct. 2319, 2324 n.1 (2019) (stating that "[i]n 2018, Congress changed the law so that, going forward, only a second § 924(c) violation committed 'after a prior [§ 924(c)] conviction . . . has become final' will trigger the 25-year minimum"). Previously, § 924(c)(1)(C) "applie[d] even if the second or subsequent conviction [was] for a count charged in the same indictment as the initial violation of Section 924(c)." United States v. Walker, 473 F.3d 71, 75 n.1 (3d Cir. 2007) (citing Deal v. United States, 508 U.S. 129, 131-34 (1993)). Meehan argued that the First Step Act rendered impermissible the 25-year terms that he received for his second and third § 924(c) convictions because, when he committed the firearms violation that resulted in the first § 924(c) conviction, he did not have a final prior § 924(c) conviction. The District Court denied Meehan's § 3582(c)(1)(B) motion, concluding that § 403(a) of the First Step Act does not apply retroactively to finalized convictions like Meehan's. Meehan appealed.[1]

Section 3582(c)(1)(B) authorizes courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over a district court's determination that a defendant is ineligible for a reduced sentence under § 3582(c). See United States v. Sanchez, 562 F.3d 275, 277 &

3

Criminal Procedure." Meehan argues that § 403(a) of the First Step Act expressly permits modification of his sentence. We disagree. In general, "a new criminal statute that 'repeal[s]' an older criminal statute shall not change the penalties 'incurred' under that older statute 'unless the repealing Act shall so expressly provide.'" Dorsey v. United States, 567 U.S. 260, 272 (2012) (quoting 1 U.S.C. § 109)). Section 403 of the First Step Act does not expressly state that it applies to those, like Meehan, who were sentenced before its effective date, December 21, 2018. To the contrary, the Act specifies that § 403(a), "and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, § 403(b). Therefore, § 403(a), by its plain terms, does not apply retroactively to Meehan, who had already been sentenced when the First Step Act was enacted.

Meehan contends that § 403(a) applies retroactively because Congress labeled it a "clarification" of § 924(c). "Courts have recognized that if an amendment clarifies prior law rather than changing it, no concerns about retroactive application arise and the amendment is applied to the present proceeding as an accurate restatement of prior law." Warner Lambert Co. v. LEP Profit Int'l, Inc., 517 F.3d 679, 685 n.8 (3d Cir. 2008) (Fuentes, J., concurring in part and dissenting in part) (internal quotations omitted). We have stated, however, that "we do not consider an enacting body's description of an

n.4 (3d Cir. 2009).

4

amendment as a 'clarification' of the pre-amendment law to necessarily be relevant to the judicial analysis." Levy v. Sterling Holding Co., LLC, 544 F.3d 493, 507 (3d Cir. 2008); see also Merit Mgmt. Grp., LP v. FTI Consulting, 138 S. Ct. 883, 893 (2018) (stating that "section headings cannot limit the plain meaning of a statutory text"). Here, because Congress made clear in § 403(b) that § 403(a) of the First Step Act applies only to defendants who had not been sentenced as of the date of enactment, the use of the term "clarification" in § 403's heading is not relevant to the retroactivity determination.

Finally, Meehan argues that the First Step Act rendered his conduct non-criminal and his punishment in excess of the statutory maximum. Even if this claim properly could be raised in a motion under § 3582(c), it lacks merit. The First Step Act did not result in Meehan's punishment for an act that the law no longer makes criminal. Instead, § 403(a) of the Act changed the circumstances under which a mandatory consecutive 25-year sentence can be imposed for repeat § 924(c) convictions, and, as discussed above, does not apply retroactively to Meehan. Therefore, contrary to Meehan's contention, his sentence does not raise separation-of-powers concerns. Cf. United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (stating that "there are serious, constitutional, separation-of-powers concerns that attach to sentences above the statutory maximum penalty authorized by Congress" (internal quotation marks omitted)).

For the foregoing reasons, we will affirm the District Court's judgment.[2]

_____

[2] Meehan's motion for leave to file a supplemental brief is granted. In that supplemental

5

brief, Meehan relies on two district court cases, <u>United States v. Jackson</u>, No. 1:15-cr-00453-001, 2019 WL 2524786 (N.D. Ohio June 18, 2019), and <u>United States v. Uriarte</u>, No. 09-cr-00332-003, 2019 WL 1858516 (N.D. Ill. Apr. 25, 2019).  Those cases address whether § 403(a) applies to defendants on resentencing.  That issue is distinct from whether § 403(a) applies to defendants, like Meehan, who seek post-conviction relief via § 3582(c)(1)(B).